UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

| | |
|---|---|
| JAMES RUTIGLIANO | **COMPLAINT** |
| Plaintiff, | |
| | JURY TRIAL DEMANDED |
| CITY OF NEW YORK & JOHN & JANE DOES ## 1-4, | |
| | **07cv 4614 (JSR)** |
| Defendants. | |

----------------------------------------------------------X

## NATURE OF ACTION

1. This action is brought by Plaintiff to recover damages for false arrest, malicious prosecution and other violations of Plaintiff's rights.

## THE PARTIES

2. Plaintiff is a resident of New York, New York.

3. The City of New York is a municipal corporation whose residence is in all five counties of New York City.

4. John and Jane Does ## 1-4 of the New York City Police Department.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this district pursuant to 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, among them 42 U.S.C. § 1983.

6. Venue is properly placed in this district pursuant to 28 U.S.C. § 1391(c) in that the City of New York is deemed to reside in this jurisdiction.

## FACTUAL ALLEGATIONS UNDERLYING PLAINTIFF'S CLAIMS

7. On 3/15/07 at approximately 7 PM at 14th Street Between First Avenue and Avenue A in Manhattan, claimant was obeying all laws.

8.    In response to a complaint of an assault, in which complainant happened to be the victim, approximately six police officers arrived, four undercovers and two uniformed, none of whose names or badge numbers are known to claimant. Although both the aggressor (an unidentified woman) and the victim (plaintiff) of the assault declined to press charges, one of the officers searched plaintiff's shoulder bag illegally and without claimant's consent.

9.    In so searching, the officer found 16 sample boxes of a prescription medication called Lexapro that had been given to claimant earlier in the evening by Dr. William Weiss.

10.   Lexapro is a legal drug that is not a controlled substance.

11.   Lexapro is commonly prescribed for depression and plaintiff had been on it for two years.

12.   Dr. Weiss had given the samples to claimant – a two month supply – because claimant does not have insurance and the samples are given to Dr. Weiss free by the pharmaceutical company.

13.   Notwithstanding the above, one or more of the police officers arrested claimant after debating amongst themselves who should make the arrest.

14.   Claimant offered to provide the officers with the name and number of the claimant's doctor, but his entreaties that he was entitled to carry the medication were entirely ignored.

15.   One of the officers stated that he did not have time to make such a call, but he later said that he had called a pharmacy to ascertain whether claimant had the right to carry the medication.

16.   Claimant was booked with one charge under CPL 220.03, possession of a controlled substance. He spent seventeen hours in custody from the time of arrest to release. The charges were so ridiculous that they were dismissed at arraignment without any plea.

FIRST CAUSE OF ACTION
FALSE ARREST UNDER 42 U.S.C. § 1983

17    Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs.

18      Plaintiff was arrested without probable cause. The conduct of defendants violated plaintiff's right to be free of unreasonable and unlawful seizure, secured by the Fourth and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983.

19      By virtue of the foregoing, Plaintiff has been damaged.

## SECOND CAUSE OF ACTION
## FALSE ARREST AND IMPRISONMENT

20.     Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs as if fully set forth herein.

21.     Defendants intended to confine the plaintiff. The plaintiff was conscious of the confinement and he did not consent to the confinement. The confinement was not otherwise privileged.

22.     By virtue of the foregoing, Plaintiff has been damaged.

## THIRD CAUSE OF ACTION
## MALICIOUS PROSECUTION
## 42 U.S.C. § 1983

23.     Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

24.     Acting under color of state law, defendants brought charges against plaintiff without probable cause.

25.     As a result of the foregoing, Plaintiff has been damaged and demands compensatory and punitive relief.

## FOURTH CAUSE OF ACTION
## MALICIOUS PROSECUTION

26.     Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

27.     As a result of the foregoing, Plaintiff has been damaged and demands compensatory and punitive relief.

**WHEREFORE,** Plaintiff demands as follows:

        A.        Compensatory damages;

        B.        Punitive damages to be determined by the trier of fact;

        C.        Cost of suit and attorneys fees pursuant to 42 U.S.C. § 1988;

        D.        Such other relief as the Court may deem just and proper.

Dated:        New York, New York
                  June 4, 2007

                                              /s/
                              GREGORY ANTOLLINO (GA 5950)
                              Attorney for Plaintiff
                              1123 Broadway, Suite 902
                              New York, NY 10010
                              (212) 334-7397