UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X

JAMES RUTIGLIANO

    Plaintiff,

CITY OF NEW YORK, MARIA VELEZ & JOHN
& JANE DOES ## 1-4,

    Defendants.

----------------------------------------------------------X

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

**07cv 4614 (JSR)**

## NATURE OF ACTION

1. This action is brought by Plaintiff to recover damages for false arrest, malicious prosecution and other violations of Plaintiff's rights.

## THE PARTIES

2. Plaintiff is a resident of New York, New York.

3. The City of New York is a municipal corporation whose residence is in all five counties of New York City.

4. Maria Velez, John and Jane Does ## 1-4 of the New York City Police Department.

## JURISDICTION AND VENUE

5. Jurisdiction is proper in this district pursuant to 28 U.S.C. § 1331 in that this action arises under the Constitution and laws of the United States, among them 42 U.S.C. § 1983.

6. Venue is properly placed in this district pursuant to 28 U.S.C. § 1391(c) in that the City of New York is deemed to reside in this jurisdiction.

## FACTUAL ALLEGATIONS UNDERLYING PLAINTIFF'S CLAIMS

7. On 3/15/07 at approximately 7 PM at 14th Street Between First Avenue and Avenue A in Manhattan, claimant was obeying all laws.

8. In response to a complaint of an assault, in which complainant happened to be the victim, approximately six police officers arrived, four undercovers and two uniformed, only one of whose names or badge numbers, the named defendant, are known to plaintiff.

9. Although both the aggressor (an unidentified woman) and the victim (plaintiff) of the assault declined to press charges, one of the officers searched plaintiff's shoulder bag illegally and without claimant's consent. At the time of the search, no arrest was intended because there was no complaining witness.

10. In so searching, the officer found 16 sample boxes of a prescription medication called Lexapro that had been given to claimant earlier in the evening by Dr. William Weiss.

11. Lexapro is a legal drug that is not a controlled substance.

12. Lexapro is commonly prescribed for depression and is even advertised on TV with the common plea for viewers to "Ask your doctor."

13. The medication that plaintiff had in his possession was contained in seven tablet sample boxes identical to the copy of the box attached hereto as "Exhibit A." The box clearly does not indicate that it is a controlled substance, and, furthermore, even indicates its chemical composition with a website to visit for more information.

14. Plaintiff had been on this medication for two years. Dr. Weiss had given the samples to claimant – a two month supply – because claimant does not have insurance and the samples are given to Dr. Weiss free by the pharmaceutical company.

15. One or more of the police officers arrested claimant after debating amongst themselves who should make the arrest.

2007 JUL 12 AM 8 56

SERVED BY MAIL
TORT DIVISION COUNSEL
NYC LAW DEPARTMENT

16. When plaintiff was aware that he was being arrested for possession of a controlled substance, he offered to provide the officers with the name and number of the claimant's doctor, but his entreaties that he was entitled to carry the medication were entirely ignored.

17. One of the officers stated that he did not have time to make such a call, but he later said that he had called a pharmacy to ascertain whether claimant had the right to carry the medication.

18. This was in fact a lie; defendants did nothing to ascertain whether plaintiff had the right to carry this medication, or whether it was a controlled substance.

19. Defendants had no probable cause to arrest plaintiff for an assault. Upon information and belief, a complaining witness had called 911 to complain of an assault, which merely gave the defendants the right to stop and inquire. At the time of the inquiry, however, upon information and belief, there was no evidence that would have furnished a basis for probable cause to arrest plaintiff. The putative victim – who was actually a mentally disturbed aggressor – declined to give a statement to the police, and no other information other than the 911 call was enough to effectuate an arrest.

20. Even assuming arguendo there was probable cause to arrest plaintiff based on the 911 call, by the time plaintiff was arrested and taken to the precinct for booking, there was no evidence, credible or otherwise, that would have allowed the police to sign a sworn statement under penalty of perjury that a crime had been committed.

21. Nevertheless, at 22:25 hours on the date of the arrest, one PO Maria Velez, Shield Number 11811, signed a statement under penalty of perjury that plaintiff had been in possession of a controlled substance. In fact, this statement was perjurious and there was no evidence whatsoever that plaintiff was in possession of a controlled substance. In fact, the only thing that Velez knew was that plaintiff was in possession of sixteen boxes of a commercial medication,

which is completely consistent with innocence and not a basis to charge someone with a crime that could extend his detention and potentially subject him to a year in jail. The perjurious affidavit is attached as "Exhibit B."

22. As a result of the signing and filing of the instrument attached as Exhibit B, plaintiff was held in detention for an additional twelve hours.

23. He was arraigned on the crime, under CPL 220.03, of possession of a controlled substance. Plaintiff was arraigned on the charge. There was no plea because it is the custom and practice in New York County Criminal Court not to enter a plea unless there has been an indictment. The charges were so ridiculous that they were dismissed after plaintiff was arraigned.

24. After plaintiff was released from custody, he went to collect his belongings, but the Lexapro which he needed for his depression was not returned to him

## FIRST CAUSE OF ACTION
## FALSE ARREST UNDER 42 U.S.C. § 1983

25 Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs.

26 Plaintiff was arrested without probable cause. The conduct of defendants violated plaintiff's right to be free of unreasonable and unlawful seizure, secured by the Fourth and Fourteenth Amendments to the Constitution and 42 U.S.C. § 1983.

27 By virtue of the foregoing, Plaintiff has been damaged.

## SECOND CAUSE OF ACTION
## FALSE ARREST UNDER THE CONSTITUTION OF THE STATE OF NEW YORK

28 Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs.

29 In the event that the federal constitution would allow probable cause based on the 911 call or other information plaintiff is not now aware of, plaintiff was arrested without probable cause under the state constitution. The conduct of defendants violated plaintiff's right to be free of unreasonable and unlawful seizure, secured by Article I Section 12 of said constitution.

30 By virtue of the foregoing, Plaintiff has been damaged.

## THIRD CAUSE OF ACTION
## FALSE ARREST AND IMPRISONMENT

31. Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs as if fully set forth herein.

32. Defendants intended to confine the plaintiff. The plaintiff was conscious of the confinement and he did not consent to the confinement.

33. The confinement was not otherwise privileged, either at the point of the initial arrest, or at the point the defendants knew they would not charge plaintiff with any other crimes.

34. By virtue of the foregoing, Plaintiff has been damaged.

## FOURTH CAUSE OF ACTION
## MALICIOUS PROSECUTION
## 42 U.S.C. § 1983

35. Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

36. Acting under color of state law, defendants brought charges against plaintiff without probable cause. The allegation that plaintiff was in possession of a controlled substance was a perjurious lie and resulted in plaintiff's confinement for an additional twelve hours.

37. As a result of the foregoing, Plaintiff has been damaged and demands compensatory and punitive relief.

## FIFTH CAUSE OF ACTION
## FALSE ARREST UNDER THE CONSTITUTION OF THE STATE OF NEW YORK

38. Plaintiff repeats and realleges the allegations set forth in all preceding paragraphs.

39. In the event that the federal constitution would allow probable cause based on the 911 call or other information plaintiff is not now aware of, plaintiff was arrested without probable cause under the state constitution. The conduct of defendants violated plaintiff's right to be free of unreasonable and unlawful seizure, secured by Article I Section 12 of said constitution.

40. By virtue of the foregoing, Plaintiff has been damaged.

## SIXTH CAUSE OF ACTION
## MALICIOUS PROSECUTION

41. Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

42. Defendants initiated a criminal action against the plaintiff, begun with malice and without probable cause to believe it can succeed, which ending in the plaintiff's favor.

43. As a result of the foregoing, Plaintiff has been damaged and demands compensatory and punitive relief.

## SEVENTH CAUSE OF ACTION
## ILLEGAL SEARCH UNDER 42 U.S.C. § 1983

44. Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

45. Defendants acting under color of state law, knowing they would not arrest plaintiff, nevertheless searched his bag, and no exception to the fourth amendment applied since, inter alia, it was not a search incident to arrest.

46. As a result of the foregoing, Plaintiff has been damaged and demands compensatory and punitive relief.

## EIGHTH CAUSE OF ACTION
## ILLEGAL SEARCH UNDER THE NEW YORK STATE CONSTITUTION

47. Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

48. Defendants, knowing they would not arrest plaintiff, nevertheless searched his bag, and no exception to the fourth amendment applied since, inter alia, it was not a search incident to arrest.

49. As a result of the foregoing, Plaintiff has been damaged and demands compensatory and punitive relief.

### 3NINTH CAUSE OF ACTION
### ILLEGAL SEIZURE UNDER 42. U.S.C. § 1983

50. Plaintiff repeats and realleges the previous allegations as if fully set forth herein.

51. Defendants, without probable cause or due process of law, and under color of state law, seized property plaintiff was entitled to possess, namely sixteen boxes of Lexapro, a medication given to him by his psychiatrist that plaintiff needed and was entitled to have.

52. Defendants have retained said medication and refused to return it, despite the dismissal of the criminal charges brought against plaintiff.

53. As a result of the foregoing, plaintiff's substantive and procedural due process rights under the U.S. Constitution have been violated and plaintiff has suffered not only the loss of his property, but the loss of the benefit that the property conferred on him, namely the ability to control his depression at the time the medication was prescribed to him.

54. As a Plaintiff has been damaged and demands compensatory and punitive relief.

**WHEREFORE,** Plaintiff demands as follows:

    A. Compensatory damages;

    B. Punitive damages to be determined by the trier of fact;

    C. Cost of suit and attorneys fees pursuant to 42 U.S.C. § 1988;

    D. Such other relief as the Court may deem just and proper.

Dated: New York, New York
July 9, 2007

/s/
GREGORY ANTOLLINO (GA 5950)
Attorney for Plaintiff
1123 Broadway, Suite 902
New York, NY 10010
(212) 334-7397



MAR-15-2007  22:26    N.Y.P.D. 9 PCT.                    12124200562    P.001/001
Page: 002-002

## CRIMINAL COURT OF THE CITY OF NEW YORK
## COUNTY OF NEW YORK

Page 1 of 1

THE PEOPLE OF THE STATE OF NEW YORK
-against-

1. James Rutigliano (M 48) 
740651

MISDEMEANOR
ADA CHERKASKY
212-335-9599

Defendant.

Police Officer Maria Veliz, shield 11811 of the 009 Precinct, states as follows:

On March 15, 2007, at about 18:40 hours in front of 418 East 14th Street in the County and State of New York, the Defendant committed the offenses of:

1.  PL220.03   Criminal Possession of a Controlled Substance in the Seventh Degree
               (1 count)

the defendant knowingly and unlawfully possessed a controlled substance.

The offenses were committed under the following circumstances:

Deponent states that deponent recovered sixteen (16) boxes containing Lexapro, a controlled substance, in the defendant's back pack.

Deponent further states that the above-described substances are in fact what they are alleged to be based upon information and belief, the source of which is as follows: her professional training as a police officer in the identification of drugs, her prior experience as a police officer in drug arrests and observation of the packaging which is characteristic of this type of drug.

False statements made herein are punishable as a class A misdemeanor pursuant to section 210.45 of the penal law.

_____        2225 hrs. / 03/15/07
Deponent                     Date and Time

ACT 5 Version 4.2.0 Created on 03/15/07 11:13 PM

1056