UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x

JAMES RUTIGLIANO,

                                Plaintiff,

-against-

CITY OF NEW YORK, MARIA VELEZ & JOHN &
JANE DOES ## 1-4,

                                Defendants.

**ANSWER TO AMENDED COMPLAINT ON BEHALF OF DEFENDANT CITY OF NEW YORK**

07 Civ. 4614 (JSR)

Jury Trial Demanded

------------------------------------------------------------------- x

       Defendant City of New York, by its attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for its answer to the Amended Complaint ("Amended Complaint"), respectfully alleges, upon information and belief, as follows:

       1.     Denies the allegations set forth in paragraph "1" of the complaint, except admits that plaintiff purports to proceed as stated therein.

       2.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "2" of the complaint.

       3.     Denies the allegations set forth in paragraph "3" of the complaint, except admits that the City of New York is a municipal corporation.

       4.     Denies the allegations set forth in paragraph "4" of the complaint, except admits that an individual named Maria Veliz is employed by the City of New York as a police officer and admits that plaintiff purports to proceed as stated therein.

       5.     Denies the allegations set forth in paragraph "5" of the complaint, except admits that plaintiff purports to invoke jurisdiction of this Court as stated therein.

6. Denies the allegations set forth in paragraph "6" of the complaint, except admits that plaintiff purports to base venue as stated therein.

7. Denies the allegations set forth in paragraph "7" of the complaint.

8. Denies the allegations set forth in paragraph "8" of the complaint, except admits that police officers responded to a complaint of assault.

9. Denies the allegations set forth in paragraph "9" of the complaint.

10. Denies the allegations set forth in paragraph "10" of the complaint, except admits that 16 boxes of Lexapro were recovered from plaintiff.

11. The allegations set forth in paragraph "11" of the complaint constitute legal conclusions to which no response is required.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "12" of the complaint.

13. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "13" of the complaint.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the complaint.

15. Denies the allegations set forth in paragraph "15" of the complaint, except admits that plaintiff was arrested.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the complaint.

18. Denies the allegations set forth in paragraph "18" of the complaint.

19. Denies the allegations set forth in paragraph "19" of the complaint, except admits that a complaining witness called 911 to report an assault.

20. Denies the allegations set forth in paragraph "20" of the complaint.

21. Denies the allegations set forth in paragraph "21" of the complaint.

22. Denies the allegations set forth in paragraph "22" of the complaint.

23. Denies the allegations set forth in paragraph "23" of the complaint.

24. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the complaint.

25. In response to the allegations set forth in paragraph "25" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

26. Denies the allegations set forth in paragraph "26" of the complaint. See 50-h Hearing Transcript, dated May 24, 2007, annexed hereto as Exhibit "A."

27. Denies the allegations set forth in paragraph "27" of the complaint.

28. In response to the allegations set forth in paragraph "28" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

29. Denies the allegations set forth in paragraph "29" of the complaint. See 50-h Hearing Transcript, dated May 24, 2007, annexed hereto as Exhibit "A."

30. Denies the allegations set forth in paragraph "30" of the complaint.

31. In response to the allegations set forth in paragraph "31" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

32. Denies the allegations set forth in paragraph "32" of the complaint, except admits that police officers intended to confine plaintiff and denies knowledge or information sufficient to form a belief as to the truth of the allegations regarding plaintiff's state of mind.

33. Denies the allegations set forth in paragraph "33" of the complaint. See 50-h Hearing Transcript, dated May 24, 2007, annexed hereto as Exhibit "A."

34. Denies the allegations set forth in paragraph "34" of the complaint.

35. In response to the allegations set forth in paragraph "35" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

36. Denies the allegations set forth in paragraph "36" of the complaint.

37. Denies the allegations set forth in paragraph "37" of the complaint.

38. In response to the allegations set forth in paragraph "38" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

39. Denies the allegations set forth in paragraph "39" of the complaint. See 50-h Hearing Transcript, dated May 24, 2007, annexed hereto as Exhibit "A."

40. Denies the allegations set forth in paragraph "40" of the complaint.

41. In response to the allegations set forth in paragraph "41" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

42. Denies the allegations set forth in paragraph "42" of the complaint.

43. Denies the allegations set forth in paragraph "43" of the complaint.

44. In response to the allegations set forth in paragraph "44" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

45. Denies the allegations set forth in paragraph "45" of the complaint.

46. Denies the allegations set forth in paragraph "46" of the complaint.

47. In response to the allegations set forth in paragraph "47" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

48. Denies the allegations set forth in paragraph "48" of the complaint.

49. Denies the allegations set forth in paragraph "49" of the complaint.

50. In response to the allegations set forth in paragraph "50" of the complaint, defendant repeats and realleges the responses set forth in the preceding paragraphs, inclusive of this answer, as if fully set forth herein.

51. Denies the allegations set forth in paragraph "51" of the complaint.

52. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "52" of the complaint.

53. Denies the allegations set forth in paragraph "53" of the complaint.

54. Denies the allegations set forth in paragraph "54" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

55. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

56. Defendant City of New York has not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, or any act of Congress providing for the protection of civil rights.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

57. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or the intervening conduct of third parties, and was not the proximate result of any act of the defendant.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE:

58. Plaintiffs' claims are barred, in whole or in part, by the applicable limitations period.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

59. Plaintiffs have failed to comply, in whole or in part, with conditions precedent to suit under state law.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

60. To the extent applicable, there was probable cause for plaintiff's arrest.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

70. To the extent applicable, there was reasonable suspicion for plaintiffs' detentions and/or arrest.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

71. Plaintiff cannot obtain punitive damages as against the City of New York.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

72. To the extent that the complaint alleges any claims against the City of New York arising under state law, such claims are barred by the doctrine of immunity for judgmental errors in the exercise of governmental functions.

**WHEREFORE,** defendant City of New York requests judgment dismissing the Complaint, as against it together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         August 31, 2007

>                           MICHAEL A. CARDOZO
>                           Corporation Counsel of the
>                             City of New York
>                           Attorney for Defendant City of New York
>                           100 Church Street
>                           New York, New York 10007
>                           (212) 788-8084
>
>                           By:  *David M. Hazan*
>                                David M. Hazan (DH-8611)
>                                Assistant Corporation Counsel
>                                Special Federal Litigation Division

To:   **Via ECF and First Class Mail**
      Gregory Antollino, Esq.
      Attorney for Plaintiff
      1123 Broadway, Suite 902
      New York, NY 10010

Docket No. 07 Civ. 4614 (JSR)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES RUTIGLIANO,

                                     Plaintiff,

-against-

CITY OF NEW YORK, MARIA VELEZ & JOHN & JANE DOES ## 1-4,

                                     Defendants.

**ANSWER ON BEHALF OF DEFENDANT CITY OF NEW YORK**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: David M. Hazan*
*Tel: (212) 788-8084*
*NYCLIS No.*

*Due and timely service is hereby admitted.*

*New York, N.Y.* ..........................................., 2007

.................................................................... *Esq.*

*Attorney for* ....................................................

- 8 -

## DECLARATION OF SERVICE BY ECF AND FIRST-CLASS MAIL

I, David Hazan, declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury, that on August 31, 2007, I served the annexed Answer of Defendant City of New York, by depositing a copy of the same, enclosed in a first-class postpaid properly addressed wrapper, in a post office official depository under the exclusive care and custody of the United States Postal Service, within the State of New York, upon the following:

> Gregory Antollino, Esq.
> Attorney for Plaintiff
> 1123 Broadway, Suite 902
> New York, NY 10010

Dated: New York, New York
August 31, 2007

_____
David M. Hazan
Assistant Corporation Counsel
Special Federal Litigation Division