Docket No. 07 Civ. 4614 (JSR)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES RUTIGLIANO,

Plaintiff,

-against-

CITY OF NEW YORK, MARIA VELEZ & JOHN &
JANE DOES ## 1-4,

Defendants.

**DEFENDANT CITY OF NEW YORK'S
MEMORANDUM OF LAW IN SUPPORT OF THEIR
MOTION TO DISMISS PURSUANT TO RULE 12(c)
OF THE FEDERAL RULES OF CIVIL
PROCEDURE**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel:  DAVID M. HAZAN*
*Tel:  (212) 788-8084*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ................................................................................................. iii

PRELIMINARY STATEMENT ........................................................................................... 1

STATEMENT OF FACTS ................................................................................................... 2

RULE 12(C) STANDARD FOR DISMISSAL ................................................................... 3

ARGUMENT 6

       POINT I

       PLAINTIFF'S FALSE ARREST CLAIMS SHOULD BE DISMISSED BECAUSE DEFENDANT POLICE OFFICERS HAD PROBABLE CAUSE TO ARREST PLAINTIFF...................................................................................6

       POINT II

       PLAINTIFF'S MALICIOUS PROSECUTION CLAIMS SHOULD BE DISMISSED BECAUSE PLAINTIFF DID NOT SUFFER FROM A POST-ARRAIGNMENT DEPRIVATION OF LIBERTY, DEFENDANT MARIA VELIZ DID NOT COMMENCE OR CONTINUE A CRIMINAL PROCEEDING AGAINST PLAINTIFF, AND CRIMINAL PROCEEDINGS WERE NOT BROUGHT AGAINST PLAINTIFF DUE TO AN IMPROPER MOTIVE.......11

           A.  Plaintiff Cannot Claim a Post-Arraignment Liberty Interest.................................................................. 12

           B.  Defendant Veliz Dis Not Initiate The Criminal Proceedings Against Plaintiff. ........................................ 13

           C.  There is No Evidence That Defendant Veliz Commenced The Criminal Proceeding Due To A Wrong Or Improper Motive........................................ 15

       POINT III

       PLAINTIFF FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT CITY OF NEW YORK...................................................16

**Page**

POINT IV

PLAINTIFF FAILS TO STATE A CLAIM FOR AN UNREASONABLE
SEARCH AND SEIZURE………………………………………………17

CONCLUSION..................................................................................................... 18

# TABLE OF AUTHORITIES

**Cases**                                                                                          **Page**

Abel v. United States,
    362 U.S. 217 (1960)..................................................................................................17

Agnello v. United States,
    269 U.S. 20 (1925)....................................................................................................17

Albright v. Oliver,
    510 U.S. 266 (1994)............................................................................................12, 14

Anderson v. Creighton,
    483 U.S. 635 (1987)....................................................................................................6

Bernard v. United States,
    25 F.3d 98 (2d Cir. 1994)....................................................................................6, 7, 8

Brass v. American Film Technologies, Inc.,
    987 F.2d 142 (2d Cir. 1993)......................................................................................5

Brogdon v. City of New Rochelle,
    200 F. Supp. 2d 411 (S.D.N.Y. 2002)........................................................................6

Broughton v. State,
    37 N.Y.2d 451 (N.Y. 1975) ........................................................................................6

Brower v. County of Inyo,
    489 U.S. 593 (1989)....................................................................................................6

Bulanov v. Town of Lumberland Constable,
    00 Civ. 4292 (SAS),
    2002 U.S. Dist. LEXIS 1715 (S.D.N.Y. Feb. 6, 2002)..............................................7

Caspar v. Lew Lieberbaum & Co. Inc.,
    97 Civ. 3016 (JGK),
    1998 U.S. Dist. LEXIS 4063 (S.D.N.Y. Mar. 31, 1998) ..........................................4

Cerrone v. Brown,
    246 F.3d 194 (2d Cir. 2001)......................................................................................7

Chambers v. Time Warner, Inc.,
    282 F.3d 147 (2d Cir. 2002)......................................................................................5

City of Canton v. Harris,
    489 U.S. 378 (1989)..............................................................................................16

Colon v. City of New York,
    60 N.Y.2d 78 (1983) ..........................................................................................8, 11

Conley v. Gibson,
    355 U.S. 41 (1957)..................................................................................................4

Conopco, Inc. v. Roll International,
    231 F.3d 82 (2d Cir. 2000)......................................................................................4

Coons v. Casabella,
    284 F.3d 437 (2d Cir. 2002)....................................................................................7

Daniels v. City of New York,
    03 Civ. 0809 (GEL),
    2003 U.S. Dist. LEXIS 19765 (S.D.N.Y. Nov. 3, 2003) ........................................7

DeFilippo v. County of Nassau,
    583 N.Y.S.2d 283 (2d Dep't 1992) ......................................................................13

Devenpeck v. Alford,
    543 U.S. 146 (2004)................................................................................................8

Dunaway v. New York,
    442 U.S. 200 (1979)................................................................................................6

Electronics Communications Corp. v. Toshiba America Consumer Prods., Inc.,
    129 F.3d 240 (2d. Cir. 1997)...................................................................................4

Gant v. Wallingford Board of Education, et al.,
    69 F.3d 669 (2d Cir. 1995)......................................................................................4

Grandon v. Merrill Lynch & Co.,
    147 F.3d 184 (2d Cir. 1998)....................................................................................4

Hygh v. Jacobs,
    961 F.2d 359 (2d Cir. 1992)..................................................................................11

Illinois v. Gates,
    462 U.S. 213 (1983)................................................................................................7

International Audiotext Network, Inc. v. AT&T Co.,
    62 F.3d 69 (2d Cir. 1995)(*per curiam*) .............................................................4, 5

Jaegly v. Couch,
    439 F.3d 149 (2d Cir. 2006)...........................................................................8

Johnson v. P.O. #17969,
    99 Civ. 3964 (NRB),
    2000 U.S. Dist. LEXIS 18521 (S.D.N.Y. Dec. 26, 2000) .....................................5

Kinzer v. Jackson,
    316 F.3d 139 (2d Cir. 2003)..........................................................................11

Koehler v. New York City,
    04 Civ. 6929 (RMB),
    2005 U.S. Dist. LEXIS 8901 (S.D.N.Y. May 11, 2005).........................................3

Lee v. City of New York,
    00-CV-3181 (JG),
    2002 U.S. Dist. LEXIS 13696 (E.D.N.Y. July 22, 2002) .......................................7

Madonna v. United States,
    878 F.2d 62 (2d Cir. 1989)..............................................................................4

Martinez v. Simonetti,
    202 F.3d 625 (2d Cir. 2000)............................................................................7

Miloslavsky v. AES Eng'g Society,
    808 F. Supp. 351 (S.D.N.Y. 1992),
    aff'd, 993 F.2d 1534 (2d Cir. 1993) ...............................................................7, 8

Monell v. Department of Social Services,
    436 U.S. 658 (1978)......................................................................................16

Morillo v. City of New York,
    95 Civ. 2176 (JSM),
    1997 U.S. Dist. LEXIS 1665 (S.D.N.Y. Feb. 20, 1997)........................................11

Murphy v. Lynn,
    118 F.3d 938 (2d Cir. 1997)...........................................................................12

Oklahoma v. Tuttle,
    471 U.S. 808 (1985)......................................................................................16

O'Neil v. Town of Babylon,
    986 F.2d 646 (2d Cir. 1993)............................................................................6

Otero v. Town of Southampton.,
    194 F. Supp. 2d 167 (E.D.N.Y. 2002) ...................................................................7

Parrat v. Taylor,
    451 U.S. 527 (1984).........................................................................................16

Payne v. County of Nassau,
    2005 U.S. Dist. LEXIS 32397 (E.D.N.Y. 2005).................................................12

Pembaur v. City of Cincinnati,
    475 U.S. 469 (1986).........................................................................................16

Pierson v. Ray,
    386 U.S. 547 (1967)...........................................................................................6

Present v. Avon Prods., Inc.,
    687 N.Y.S.2d 330 (1st Dep't 1999).....................................................................13

Ricciuti v. N.Y.C. Transit Authority,
    124 F.3d 123 (2d Cir. 1997)...............................................................................7

Rohman v. New York City Transit Authority,
    215 F.3d 208 (2d Cir. 2000).................................................................11, 12, 13

Rounseville v. Zahl,
    13 F.3d 625 (2d. Cir. 1994)...............................................................................15

Samuels v. Air Transportation Local 504,
    992 F.2d 12 (2d Cir. 1993)..................................................................................4

Sargent v. County of Nassau,
    04 Civ. 4274 (DRH)(AKT),
    2007 U.S. Dist. LEXIS 17474 (E.D.N.Y. March 13, 2007) ..................................12

Savino v. City of New York,
    331 F.3d 76 (2d Cir. 2003)................................................................................11

Sheridan v. Dubow,
    92 Civ. 6024 (LJF),
    1993 U.S. Dist. LEXIS 12197 (S.D.N.Y. August 30, 1993) ....................................5

Singer v. Fulton County Sheriff,
    63 F.3d 110 (2d Cir. 1995)...............................................................................6, 7

Snodderly v. R.U.F.F. Drug Enforcement Task Force,
    239 F.3d 892 (7th Cir. 2001) .............................................................................14

Staron v. McDonald's Corp.,
   51 F.3d 353 (2d Cir. 1995)............................................................................4

United States v. Robinson,
   414 U.S. 218 (1973).............................................................................17

Vasquez v. City of New York,
   99 Civ. 4604 (DC),
   2000 U.S. Dist. LEXIS 8887 (S.D.N.Y. June 29, 2000)........................5, 11

Weyant v. Okst,
   101 F.3d 845 (2d Cir. 1996)........................................................................6

White v. Frank,
   855 F.2d 956 (2d Cir. 1988)...........................................................13, 14, 15

Wright v. Kelly,
   95 CV 0688H(CEH),
   1998 U.S. Dist. LEXIS 20424 (W.D.N.Y. Oct. 16, 1998).........................12

## **Statutes**

42 U.S.C. § 1983............................................................................ *passim*

Fed. R. Civ. P. 12(b) ................................................................2, 3, 5

Fed. R. Civ. P. 12(c) ...........................................................................2

New York State Penal Law § 120.16.................................................9

New York State Penal Law § 120.20...............................................10

New York State Penal Law § 240.20...............................................10

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JAMES RUTIGLIANO,

                                    Plaintiff,

              -against-                                07 Civ. 4614 (JSR)

CITY OF NEW YORK, MARIA VELEZ & JOHN &
JANE DOES ## 1-4,

                                    Defendants.
------------------------------------------------------------------------X

### DEFENDANT CITY OF NEW YORK'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS

#### Preliminary Statement

Plaintiff brings this action pursuant to New York State Law and  42 U.S.C. § 1983, alleging that he was deprived of his civil rights by the City of New York, Police Officer Maria Veliz, and John and Jane Doe Police Officers ## 1-4.[1] See Amended Compl. at ¶¶ 2-4, Annexed to Hazan Decl. as Exhibit "2."  Specifically, plaintiff claims that the City of New York and Police Officer Veliz violated plaintiff's rights under the Constitution of the State of New York and under the Fourth and Fourteenth Amendments to the Constitution of the United States by falsely arresting him, maliciously prosecuting him, illegally searching him, and illegally seizing his property.  Id. at ¶¶ 25-54.

City Defendants move to dismiss the complaint pursuant to 12(c) of the Federal Rules of Civil Procedure on the grounds that: (1) plaintiff's false arrest claim should be dismissed because defendant police officers had probable cause to arrest plaintiff; (2) plaintiff fails to state a claim

---

[1] Upon information and belief Maria Veliz had not yet been served with process and is not represented by this office.

for malicious prosecution because plaintiff cannot show (a) that he suffered from a post-arraignment deprivation of liberty; (b) that defendant Maria Veliz commenced or continued a criminal proceeding against plaintiff, and (c) that the proceeding was instituted with malice; (3) Plaintiff fails to state a claim under 42 U.S.C. § 1983 against defendant City of New York; and (4) plaintiff fails to state a claim for an unreasonable search and seizure. Accordingly, defendant City of New York submits that the complaint should be dismissed in its entirety.

## STATEMENT OF FACTS[2]

The allegations of plaintiff's complaint arise out of his arrest on or about March 15, 2007 at 14th Street between First Avenue and Avenue A, New York, New York. See Amended Compl. at ¶¶ 7-24, Annexed to Hazan Decl. as Exhibit "2." Plaintiff admits that on March 15, 2007 he was arrested after engaging in a physical altercation with a female on 14th Street in Manhattan (which he claims was initiated by the female). See Answer at Exhibit "A" at 6:10-10:16, Annexed to Hazan Declaration as Exhibit "3."

According to plaintiff, he did not know the female and had never seen her before. Id. at 6:15-6:21. Plaintiff admits that he pushed the female away from him, wrestled with her, threw her to the ground, and held her fists, one in each hand. Id. at 8:17- 9:12. According to plaintiff, when he stood up he was surrounded by about five male bystanders who saw the incident. Id. at 9:19-9:24. The male bystanders accused plaintiff of beating the female, they threatened to beat plaintiff up, they cursed at plaintiff, they surrounded plaintiff, and they threatened to call the police. Id. at 10:8-10:16. Plaintiff told the men that the female attacked him, but the bystanders continued to accuse plaintiff of assaulting the woman. Id. at 11:4-11:8. Then plaintiff ran from

---

[2] For the purposes of this motion only, defendant construes the allegations made by plaintiff as true, however, if this case proceeds to discovery and trial defendant reserves the right to challenge the facts alleged by plaintiff.

the scene of the incident.    Id. at 11:15-11:25.  Plaintiff ran half a block to 14th Street between

First Avenue and Avenue A.  Id. at 11:15-12:8.  Two of the male bystanders ran after plaintiff.

Id. at 12:14-12:17.   The male bystanders called 911 and reported the assault to the police.  Id. at

12:14-12:20; Amended Complaint at ¶ 19, Annexed to Hazan Decl. as Exhibit "2."   Plaintiff

admits that one of the bystanders called the police with a cell phone.  Id.  Approximately two or

three minutes later, the police arrived at the location.  See Answer at Exhibit "A" at 12:1-12:5,

Annexed to Hazan Declaration as Exhibit "3."  When the police arrived at the location they

spoke to the complaining witness, the male bystander who had called the police.  Id. at 14:11-

14:21.  Then plaintiff was placed under arrest.  Id. at 15:5-15:12.  After plaintiff was placed

against the wall and frisked, plaintiff claims that the police looked inside of the shoulder bag he

was carrying.  Id. at 19:5-19:9.  Inside of the bag, they found sixteen sample boxes of an

antidepressant drug called Lexapro.  See Amended Complaint at ¶ 10, annexed to Hazan Decl. as

Exhibit "2."  Each sample box contained seven tablets.  Id. at ¶ 13.  Plaintiff was not charged

with assault, rather he was charged with possession of a controlled substance.  See Answer at

Exhibit "A" at 20:16-20:21, Annexed to Hazan Declaration as Exhibit "3."

Plaintiff appeared in court for arraignment the following day.  Id. at 22:11-23:5.  At

arraignment, the case was dismissed by the judge in ninety seconds without any plea because,

according to plaintiff, his doctor called the Court and advised that the drugs were given to

plaintiff by prescription.  Id. at 23:6-23:21; Complaint at ¶ 16, Annexed to Hazan Decl. as

Exhibit "1."

## RULE 12(c) STANDARD FOR DISMISSAL

Defendants move for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c).  The

test for evaluating a Fed. R. Civ. P. 12(c) motion is the same test applicable to a motion to

dismiss under Fed. R. Civ. Proc. 12(b)(6).  Koehler v. New York City, 04 Civ. 6929 (RMB),

2005 U.S. Dist. LEXIS 8901 (S.D.N.Y. May 11, 2005).  The Court is required to accept the

material facts alleged in the complaint as true and to construe all reasonable inferences in the nonmoving party's favor. Grandon v. Merrill Lynch & Co., 147 F.3d 184, 188 (2d Cir. 1998); Davidson v. Flynn, 32 F.3d 27, 29 (2d Cir. 1994) (citing Madonna v. United States, 878 F.2d 62, 65 (2d Cir. 1989)); Caspar v. Lew Lieberbaum & Co. Inc., 97 Civ. 3016 (JGK), 1998 U.S. Dist. LEXIS 4063 (S.D.N.Y. Mar. 31, 1998).

Further, the Court's function on a motion to dismiss "is not to weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." Caspar, 1998 U.S. Dist. LEXIS, *1, supra. A court should dismiss a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) when "it appears beyond a doubt that the plaintiff can prove no set of facts in support of the claim which would entitle him to relief." Staron v. McDonald's Corp., 51 F.3d 353, 355 (2d Cir. 1995) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)). The rule "does not permit conclusory statements to substitute for minimally factual allegations." Electronics Communications Corp. v. Toshiba America Consumer Prods., Inc., 129 F.3d 240, 243 (2d Cir. 1997); see also Gant v. Wallingford Bd. of Education, et al., 69 F.3d 669, 673 (2d Cir. 1995) ("a complaint consisting of nothing more than naked assertions, and setting forth no facts upon which a court could find violation . . . fails to state a claim"). Furthermore, a motion under Rule 12(b)(6) should be granted if an affirmative defense, or other reason barring relief, is apparent from the face of the complaint. Conopco, Inc. v. Roll International, 231 F. 3d 82, 86-87 (2d Cir. 2000).

In deciding such a motion, a court should consider "the facts alleged in the pleadings, documents attached as exhibits or incorporated by reference in the pleadings and matters of which judicial notice may be taken." Samuels v. Air Transportation Local 504, 992 F.2d 12, 15 (2d Cir. 1993); International Audiotext Network, Inc. v. AT&T Co., 62 F.3d 69, 72 (2d Cir. 1995) (per curiam). For purposes of dismissal, the complaint "is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by

4

reference." <u>Chambers v. Time Warner, Inc.</u>, 282 F.3d 147, 152-53 (2d Cir. 2002) (quoting <u>Int'l</u>

<u>Audiotext</u>, 62 F.3d 69, 72). "Even where a document is not incorporated by reference, the court

may nevertheless consider it where the complaint 'relies heavily upon its terms and effect,'

which renders the document 'integral' to the complaint." <u>Chambers</u>, 282 F.3d  at 153 (internal

citations omitted).  In addition, "it is well established that a district court may rely on matters of

public record in deciding a motion to dismiss under Rule 12(b)(6)," including arrest reports,

criminal complaints, indictments, and criminal disposition data. <u>Vasquez v. City of New York</u>,

99 Civ. 4606 (DC), 2000 U. S. Dist LEXIS 8887, at *3 (S.D.N.Y. June 29, 2000) (citations

omitted); <u>Brass v. American Film Technologies, Inc.</u>, 987 F.2d 142, 150 (2d Cir. 1993); <u>see also</u>

<u>Johnson v. P.O. #17969</u>, 99 Civ. 3964 (NRB), 2000 U.S. Dist. LEXIS 18521, at *4 (S.D.N.Y.

Dec. 26, 2000) (Court may consider any matter of which it could take judicial notice under the

F.R.E. 201).

Moreover, on a 12(b)(6) motion, if "matters outside the pleading are presented to and not

excluded by the court," the court may sua sponte convert the motion to dismiss into a motion for

summary judgment under Rule 56 of the Federal Rules of Civil Procedure.  <u>See</u> Fed. R. Civ. P.

12(b); <u>see also</u> <u>Sheridan v. Dubow</u>, 92 Civ. 6024 (LJF), 1993 U.S. Dist. LEXIS 12197, at

*2 (S.D.N.Y. August 30, 1993) (wherein court converted a motion brought pursuant to Rule

12(b)(6) of the Federal Rules of Civil Procedure into a motion for summary judgment).

Here, relying solely on plaintiff's allegations and the facts presented in the pleadings and

documents attached to the pleadings, plaintiff's Amended Complaint should be dismissed with

prejudice.

## ARGUMENT

### POINT I

**PLAINTIFF'S FALSE ARREST CLAIMS SHOULD BE DISMISSED BECAUSE DEFENDANT POLICE OFFICERS HAD PROBABLE CAUSE TO ARREST PLAINTIFF.**

Plaintiff's false arrest claims (First, Second, Third, and Fifth Causes of Action) must be dismissed because, based upon plaintiff's allegations, the defendant police officers had probable cause to arrest plaintiff. The Second Circuit has established that "[t]he existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest,' whether that action is brought under state law or pursuant to 42 U.S.C. § 1983." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996) (quoting Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994) and citing Broughton v. State, 37 N.Y.2d 451 (N.Y. 1975) (holding that, under New York law, "[j]ustification may be established by showing that the arrest was based upon probable cause") and Singer v. Fulton Cty. Sheriff, 63 F.3d 110, 118 (2d Cir. 1995) ("There can be no federal civil rights claim for false arrest where the arresting officer had probable cause.")).

In general, probable cause is established where "the arresting officer has 'knowledge or reasonably trustworthy information sufficient to warrant a person of reasonable caution in the belief that an offense has been committed by the person to be arrested.'" Singer, 63 F.3d at 119 (quoting O'Neill v. Town of Babylon, 986 F.2d 646, 650 (2d Cir. 1993) (citation omitted)); see also Weyant, 101 F.3d at 852 (citing Dunaway v. New York, 442 U.S. 200, 208 n.9 (1979)) (additional citations omitted). Furthermore, "the validity of an arrest does not depend upon the ultimate finding of guilt or innocence." Brogdon v. City of New Rochelle, 200 F. Supp. 2d 411, 419 (S.D.N.Y. 2002) (citing Pierson v. Ray, 386 U.S. 547, 555 (1967)). "Rather, the court looks only to the information the arresting officer had at the time of the arrest." Id. (citing Anderson v. Creighton, 483 U.S. 635, 641 (1987)). Probable cause does not require concrete proof of each

6

element of a crime; it exists where the defendant is "in possession of facts sufficient to warrant a prudent person to believe that the suspect had committed or was committing an offense." Ricciuti v. New York City Transit Auth., 124 F.3d 123, 128 (2d Cir. 1997).    A probable cause determination "requires only a probability or substantial chance of criminal activity, not an actual showing of such activity."  Illinois v. Gates, 462 U.S. 213, 245 (1983).

Probable cause may exist, even where based on mistaken information, as long as the police officer acted reasonably and in good faith when relying on that information.  Lee v. City of New York, 00-CV-3181 (JG), 2002 U.S. Dist. LEXIS 13696, at *19 (E.D.N.Y. July 22, 2002)(citing Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994)); Bulanov v. Town of Lumberland Constable, 00 Civ. 4292 (SAS), 2002 U.S. Dist. LEXIS 1715, at *11 (S.D.N.Y. Feb. 6, 2002)(quoting Bernard, 25 F.3d at 102). Furthermore, once probable cause has been established, a police officer is under no duty to "'explore and eliminate every plausible claim of innocence before making an arrest.'"  Coons v. Casabella, 284 F.3d 437, 441 (2d Cir. 2002) (quoting Cerrone v. Brown, 246 F.3d 194, 198 (2d Cir. 2001); quoting Martinez v. Simonetti, 202 F.3d 625, 635)); Otero v. Town of Southampton. 194 F. Supp. 2d 167, 178 (E.D.N.Y. 2002); Daniels v. City of New York, 03 Civ. 0809 (GEL), 2003 U.S. Dist. LEXIS 19765, at *11 (S.D.N.Y. Nov. 3, 2003).

Officers have probable cause to arrest if they receive "information from some person—normally the putative victim or an eye witness—who it seems reasonable to believe is telling the truth…"  Daniels v. City of New York, 03 Civ. 0809 (GEL), 2003 U.S. Dist. LEXIS 19765, at *10 (S.D.N.Y. Nov. 3, 2003)(citations omitted); see also Singer v. Fulton County Sheriff, 63 F.3d 110, 119 (2d Cir. 1995) (arresting officer may rely upon victim's information absent circumstances raising doubts as to victim's veracity); Miloslavsky v. AES Eng'g Society, 808 F. Supp. 351 (S.D.N.Y. 1992), aff'd, 993 F.2d 1534 (2d Cir. 1993)(probable cause exists if information is received from a complaining witness). Even where the witness or victim's

7

information is found to be incorrect, probable cause still exists when the "arresting officer acted reasonably and in good faith in relying on that information." Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994) (citing Colon v. City of New York, 60 N.Y.2d 78 (1983)). Generally, probable cause exists if information is received from a complaining witness. Miloslavsky v. AES Eng'g Society, 808 F. Supp. 351 (S.D.N.Y. 1992), aff'd, 993 F.2d 1534 (2d Cir. 1993).

Importantly, "the probable cause inquiry is based upon whether the facts known by the arresting officer at the time of the arrest objectively provided probable cause to arrest." Jaegly v. Couch, 439 F.3d 149, 153 (2d Cir. 2006), citing Devenpeck v. Alford, 543 U.S. 146, 153 (2004). The Supreme "Court thus rejected the view that probable cause must be predicated upon the offense invoked by the arresting officer, or even upon an offense 'closely related' to the offense invoked by the arresting officer, and stated that the 'subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." Jaegly v. Couch, 439 F.3d 149, 153 (2d Cir. 2006)(citations omitted). Thus, the "Supreme Court clarified in Devenpeck that probable cause 'depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest,' and that the probable cause inquiry is objective rather than subjective." Id.

The crucial issue, therefore, is whether the facts in the possession of the defendant officers at the time plaintiff was arrested were sufficient to establish probable cause for his arrest. On March 15, 2007, defendant police officers responded to a 911 call for an assault on 14th Street, between First Avenue and Avenue A, New York, New York. The call was made by civilian witnesses who observed plaintiff James Rutigliano in an altercation with a female on the street. When the defendant officers arrived at the scene of the incident the civilian witnesses reported to the officers that they observed plaintiff assaulting a female in the street.

These facts cannot be disputed, as plaintiff himself admits to being involved in a physical altercation with a female. See Answer at Exhibit "A" at 6:10-10:16, Annexed to Hazan

8

Declaration as Exhibit "3." Specifically, plaintiff admits that he pushed the female away from him, wrestled with her, threw her to the ground, and held her fists, one in each hand. Id. at 8:17-9:12. According to plaintiff, when he stood up he was surrounded by about five male bystanders who saw the incident. Id. at 9:19-9:24. Furthermore, plaintiff alleges that the male bystanders accused plaintiff of beating the female, they threatened to beat plaintiff up, they cursed at plaintiff, they surrounded plaintiff, and they threatened to call the police. Id. at 10:8-10:16. Plaintiff claims that he told the men that the female attacked him, but the bystanders continued to accuse plaintiff of assaulting the woman. Id. at 11:4-11:8. Moreover plaintiff admits he ran from the scene of the incident. Id. at 11:15-11:25. Plaintiff testified that he ran half a block to 14th Street between First Avenue and Avenue A. Id. at 11:15-12:8. Further, plaintiff admits that two of the male bystanders ran after him. Id. at 12:14-12:17. According to plaintiff, the male bystanders called 911 and reported the assault to the police. Id. at 12:14-12:20; Amended Complaint at ¶ 19, Annexed to Hazan Decl. as Exhibit "2." Approximately two or three minutes later, according to plaintiff, the police arrived at the location. See Answer at Exhibit "A" at 12:1-12:5, Annexed to Hazan Declaration as Exhibit "3." When the police arrived at the location, plaintiff claims that they spoke to the complaining witness, the male who had called the police. Id. at 14:11-14:21.

Based upon these undisputed facts, defendants had probable cause to arrest plaintiff James Rutigliano for several crimes.

### Menacing in the Third Degree

First, defendants had probable cause to arrest plaintiff for violating New York State Penal Law § 120.16, Menacing in the Third Degree. A person violates Penal Law § 120.16 when "by physical menace, he or she intentionally places or attempts to place another person in fear of death, imminent serious physical injury or physical injury." As stated above, the police officers had probable cause to believe plaintiff intentionally placed or attempted to place the female he

wrestled with in fear of physical injury because several civilian witnesses reported that plaintiff wrestled with the female and physically assaulted her.  In fact, plaintiff himself admits to wrestling the female to the ground, pushing her and holding her fists, one in each hand.  Clearly, the officers had probable cause to believe that by fighting with the female,  plaintiff was placing her in fear of imminent physical injury.

### Reckless Endangerment in the Second Degree

Moreover, there was probable cause to arrest plaintiff for violating New York State Penal Law § 120.20, Reckless Endangerment in the Second Degree. A person violates Penal Law § 120.20 when "he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person."  For the reasons stated above, the officers also had probable cause to believe that plaintiff was recklessly engaging in conduct (fighting) that created a substantial risk of serious physical injury to the people he was fighting with.

### Disorderly Conduct

Additionally, there was probable cause to arrest plaintiff for violating New York State Penal Law § 240.20, Disorderly Conduct. A person violates Penal Law § 240.20 when "with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof: (1) engages in fighting or in violent, tumultuous or threatening behavior...."  For the reasons stated above, the police officers clearly had probable cause to believe that plaintiff was engaged in fighting, tumultuous or threatening behavior.

Based on this information an objectively reasonable person would determine that there was a probability that plaintiff had violated at least one of the statutes described above.  On this record, there can be no question that there was probable cause to arrest the plaintiff.  Therefore, plaintiff's claims for false arrest should be dismissed with prejudice.

## POINT II

**PLAINTIFF'S MALICIOUS PROSECUTION CLAIMS SHOULD BE DISMISSED BECAUSE PLAINTIFF DID NOT SUFFER FROM A POST-ARRAIGNMENT DEPRIVATION OF LIBERTY, DEFENDANT MARIA VELIZ DID NOT COMMENCE OR CONTINUE A CRIMINAL PROCEEDING AGAINST PLAINTIFF, AND CRIMINAL PROCEEDINGS WERE NOT BROUGHT AGAINST PLAINTIFF DUE TO AN IMPROPER MOTIVE.**

Plaintiff's malicious prosecution claims (Fourth and Sixth Causes of Action) must be dismissed because plaintiff did not suffer from a post-arraignment deprivation of liberty, defendant Maria Veliz did not commence or continue a criminal proceeding against plaintiff, and the proceedings were not brought against plaintiff due to an improper motive. To state a claim of malicious prosecution in New York State, a plaintiff must show each of the following elements: (1) that the defendant commenced or continued a criminal proceeding against plaintiff; (2) that the proceeding was terminated in the plaintiff's favor; (3) an absence of probable cause for the proceeding; and (4) that the proceeding was instituted with malice. Kinzer v. Jackson, 316 F.3d 139, 143 (2d Cir. 2003) (citation omitted) (citing Colon v. City of New York, 60 N.Y.2d 78, 82 (1983)); Savino v. City of New York, 331 F.3d 63, 72 (2d Cir. 2003); Rohman v. New York City Transit Auth., 215 F.3d 208, 215 (2d Cir. 2000); Vasquez v. City of New York, 99 Civ. 4604 (DC), 2000 U.S. Dist. LEXIS 8887, at *12 (S.D.N.Y. June 29, 2000); Morillo v. City of New York, 95 Civ. 2176 (JSM), 1997 U.S. Dist. LEXIS 1665, at *13 (S.D.N.Y. Feb. 20, 1997).[3] Additionally, a claim for malicious prosecution requires the additional element of a "sufficient

---

[3] The elements of malicious prosecution under § 1983 are "substantially the same" as the elements under New York law. Hygh v. Jacobs, 961 F.2d 359, 366 (2d Cir. 1992). Therefore, the analysis of the state and federal claims are identical. Id.

post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." See Sargent v. County of Nassau, 04 Civ. 4274 (DRH)(AKT), 2007 U.S. Dist. LEXIS 17474, at *22 (E.D.N.Y. March 13, 2007), citing Payne v. County of Nassau, 2005 U.S. Dist. LEXIS 32397 (E.D.N.Y. 2005)   In the instant case, plaintiff cannot establish that (1) plaintiff suffered a post-arraignment liberty restraint; (2) defendant Maria Veliz initiated a prosecution against plaintiff; and (3) defendant Veliz commenced the criminal proceeding due to a wrong or improper motive.

## A.    **Plaintiff Cannot Claim a Post-Arraignment Liberty Interest.**

Plaintiff alleges that the defendants are liable under 42 U.S.C. § 1983 for their role in initiating the prosecution against him.  A claim for malicious prosecution arises under the Fourth Amendment.  Wright v. Kelly, 95 CV 0688H (CEH), 1998 U.S. Dist. LEXIS 20424, at 7 (W.D.N.Y. Oct. 16, 1998), citing, Albright v. Oliver, 510 U.S. 266, 273-74 (1994).  "Therefore, in order to prevail in a § 1983 claim for malicious prosecution, a plaintiff must show both that the defendant's conduct was tortuous under the state law definition of malicious prosecution and that he suffered a deprivation of liberty guaranteed by the Fourth Amendment." Wright, 1998 U.S. Dist. LEXIS 20424, at * 7, citing, Murphy v. Lynn, 118 F.3d 938, 944 (2d Cir. 1997).  "In order to allege a cause of action for malicious prosecution under § 1983, [a plaintiff] must assert, in addition to the elements of malicious prosecution under state law, that there was… a sufficient post-arraignment liberty restraint to implicate the plaintiff's Fourth Amendment rights." Rohman v. New York City Transit Auth., 215 F.3d 208, 215 (2d Cir. 2000) (citations omitted). The Fourth Amendment protects individuals from "unreasonable searches and seizures." U.S. CONST. amend. IV.  To state a claim under the Fourth Amendment, a plaintiff must show both that a "seizure" occurred and that the seizure was "unreasonable." Brower v. County of Inyo, 489 U.S. 593, 599 (1989).

Because the case was dismissed at the arraignment hearing in the instant case, there was no post-arraignment deprivation of plaintiff's liberty.  Here, plaintiff admits that at arraignment,

12

the case was dismissed by the judge in ninety seconds without any plea because plaintiff's doctor called the Court and advised that the drugs were given to plaintiff by prescription. See Answer at Exhibit "A" at 23:6-23:21, Annexed to Hazan Declaration as Exhibit "3;" Complaint at ¶ 16, Annexed to Hazan Decl. as Exhibit "1." Therefore, plaintiff suffered no post-arraignment deprivation of liberty in the instant case and his malicious prosecution claims should be dismissed, with prejudice.

**B.    Defendant Veliz Did Not Initiate the Criminal Proceeding Against Plaintiff.**

"A person who tells law enforcement authorities that he or she thinks a crime has been committed and does no more, does not thereby put him- or herself at risk of liability for malicious prosecution should the arrest or prosecution later be abandoned or result in an acquittal. Looking to New York common law to determine the nature of the elements of a constitutional malicious prosecution suit, we find it well settled that in order for an individual to 'initiate' a prosecution for these purposes, 'the mere reporting of a crime to police and giving testimony are insufficient; it must be shown that defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act." Rohman v. New York City Transit Auth., 215 F.3d 208, 217 (2d. Cir. 2000) (citing DeFilippo v. County of Nassau, 583 N.Y.S.2d 283, 284 (2d Dep't 1992); Present v. Avon Prods., Inc., 687 N.Y.S.2d 330, 335 (1st Dep't 1999)("One who does no more than disclose to a prosecutor all material information within his knowledge is not deemed to be the initiator of the proceeding.")

Furthermore, government officials are not held to a heightened standard with regard to the initiation prong. Rohman, 215 F.3d at 217 (a government employee does not initiate a criminal proceeding by merely reporting the crime or giving testimony); White v. Frank, 855 F.2d 956, 962 n.6 (2d Cir. 1988)("we have assumed in the past that police officers are subject to liability for malicious prosecution as any other defendant would be, assuming of course that the high standard of liability be met"). Police officers, like private citizens, therefore must do more

13

than report facts and events to the public prosecutor in order to be considered to have initiated the criminal prosecution. As the Seventh Circuit has noted, "in order to state a claim for malicious prosecution against police officers under § 1983, [the plaintiff] must do more than merely claim that they arrested and detained him without probable cause...[R]ather, he must allege that the officers committed some improper act after they arrested him without probable cause..." Snodderly v. R.U.F.F. Drug Enforcement Task Force, 239 F.3d 892, 901 (7th Cir. 2001).

The law requires more than factual causation between the officer's actions and the resulting prosecution. The mere fact that an individual would not have been prosecuted had the officer not arrested him is insufficient. The principal player in carrying out a prosecution is not the police officer, but the prosecutor. See Snodderly, 239 F.3d at 901 (" a malicious prosecution action against a police officer is 'anomalous,' because the State's Attorney, not the police, prosecute a criminal action")(internal citations omitted). Consequently, "the availability of the malicious prosecution action has been curtailed with the growth of the office of the public prosecutor." White v. Frank, 855 F.2d at 962. Thus, to sustain a claim for malicious prosecution, the plaintiffs must show that the defendant police officer did more than file a criminal complaint. Plaintiffs must show that the defendants manufactured evidence that influenced the decision to prosecute, actively encouraged a baseless prosecution, or provided information to prosecutors that was maliciously false. White, 855 F.2d at 962; see also Albright v. Oliver, 510 U.S. 266, 279 n.5 (1994) (Ginsburg, J., concurring) (Finding that a police officer initiated a criminal prosecution by merely performing basic job duties, such as providing evidence, testimony and other information to prosecutors, would raise "serious questions about whether the police officer would be entitled to share the prosecutor's absolute immunity.").

Here, there is no evidence that defendant Veliz did more than report the information in her possession to the prosecutor. In fact, in the instant case, plaintiff admits all of the facts

14

contained in the criminal court complaint that was signed by Officer Veliz. See Criminal Court Complaint, Annexed to Plaintiff's Amended Complaint, Hazan Dec. Exhibit "2." Plaintiff admits that on March 15, 2007, Officer Veliz recovered 16 boxes containing a prescription drug called Lexapro from plaintiff's back pack. The only portion of the criminal court complaint that plaintiff disputes is the legal conclusion that the drug Lexapro is a controlled substance. Plaintiff argues that Officer Veliz committed perjury in the criminal court complaint when she stated Lexapro was a controlled substance. Given that the facts relayed to the prosecutor by defendant Officer Veliz were all correct, defendant Veliz cannot be held liable for malicious prosecution. Defendant Veliz in no way manufactured evidence that influenced the decision to prosecute, or actively encouraged a baseless prosecution, or provided information to prosecutors that was maliciously false. See White, 855 F.2d at 962. It is a prosecutor's responsibility, not the responsibility of a police officer, to determine whether the facts presented to a prosecutor are sufficient to proceed with a prosecution. In the instant case, the prosecutor was responsible for making a legal determination as to whether Lexapro is a "controlled substance" as defined by law. Therefore, plaintiff's claims for malicious prosecution against Officer Veliz should be dismissed, with prejudice.

**C.    There is No Evidence That Defendant Veliz Commenced The Criminal Proceeding Due To A Wrong Or Improper Motive.**

To prove malice, plaintiff must establish that the defendant commenced the criminal proceedings due to a wrong or improper motive, other than a desire to see the ends of justice served. Rounseville v. Zahl, 13 F.3d 625, 630 (2d. Cir. 1994). Here, there is no evidence that Officer Veliz commenced the criminal proceeding due to a wrong or improper motive. To the contrary, as argued above, defendant Veliz provided the prosecution with an accurate rendition of the facts known to her. Thus, plaintiff's claim for malicious prosecution should be dismissed with prejudice.

## POINT III

## PLAINTIFF FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT CITY OF NEW YORK.

To the extent plaintiff brings claims against defendant City of New York pursuant to 42 U.S.C. § 1983, his claims should be dismissed for failure to state a claim. To state a claim under 42 U.S.C. § 1983, a complaint must allege that a person acting under the color of state law committed acts that deprived plaintiff of a right, privilege, or immunity guaranteed by the Constitution or the law of the United States. Parrat v. Taylor, 451 U.S. 527, 535 (1984). In order to hold a municipality liable as a "person" within the meaning of § 1983, the plaintiff must establish that the municipality itself was somehow at fault. Oklahoma v. Tuttle, 471 U.S. 808, 810 (1985); Monell v. Department of Social Services, 436 U.S. 658, 609-91 (1978). The Supreme Court expressly rejected liability pursuant to a theory of *respondeat superior* for purposes of § 1983 in Monell. See Monell v. Department of Social Services, 436 U.S. 658, 691 (1978) ("[A] municipality cannot be held liable solely because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory.") Thus, "[a] municipality will not be held liable under Section 1983 unless the plaintiff can demonstrate that the allegedly unconstitutional action of an individual law enforcement official was taken pursuant to a policy or custom 'officially adopted and promulgated by that [municipality's officers.'" Monell, 436 U.S. at 690. "[M]unicipal liability under § 1983 attaches where -- and only where – a deliberate choice to follow a course of action is made from among various alternatives" by city policymakers. City of Canton v. Harris, 489 U.S. 378, 389 (1989)(quoting Pembaur v. Cincinnati, 475 U.S. 469, 483-84 (1986)).

Plaintiff's Amended Complaint does not allege any facts suggesting a custom or policy by defendant City of New York nor does plaintiff allege a custom or policy of the City of New

York caused the alleged constitutional violations to plaintiff in the instant case. Accordingly, the federal claims against defendant City of New York must be dismissed.

### POINT IV

### PLAINTIFF FAILS TO STATE A CLAIM FOR AN UNREASONABLE SEARCH AND SEIZURE.

Plaintiff asserts claims for unreasonable search and seizure under the Constitution of New York State and the Fourth Amendment to the Constitution of the United States, based upon the search of plaintiff's bag and the seizure of sixteen boxes of Lexapro found inside of plaintiff's bag (Seventh, Eighth, and Ninth Causes of Action). For the reasons set forth in Point I, *supra*, there was probable cause to arrest plaintiff. Should the Court find that the arrest of plaintiff was lawful then the Court should also dismiss plaintiff's illegal search and seizure claims because the search and seizure alleged by plaintiff occurred incident to a lawful arrest.

The justification or reason for the authority to conduct a search incident to a lawful arrest rests just as much on security concerns as it does on the need to preserve evidence on his person for later use at trial. United States v. Robinson, 414 U.S. 218, 234-237 (1973), citing Agnello v. United States, 269 U.S. 20 (1925); Abel v. United States, 362 U.S. 217 (1960). "The standards traditionally governing a search incident to lawful arrest are not, therefore, commuted to the stricter *Terry* standards by the absence of probable fruits or further evidence of the particular crime for which the arrest is made." Id. The authority to search the person incident to a lawful custodial arrest, while based upon the need to disarm and to discover evidence, does not depend on what a court may later decide was the probability in a particular arrest situation that weapons or evidence would in fact be found upon the person of the suspect. Id. A custodial arrest of a suspect based on probable cause is a reasonable intrusion under the Fourth Amendment; that intrusion being lawful, a search incident to the arrest requires no additional justification. Id. It is the fact of the lawful arrest which establishes the authority to search, and in the case of a lawful

17

custodial arrest a full search of the person is not only an exception to the warrant requirement of the Fourth Amendment, but is also a "reasonable" search under that Amendment. Id. Therefore, if the Court finds that the arrest of plaintiff was lawful then the Court must also dismiss plaintiff's illegal search and seizure claims.

## CONCLUSION

For the foregoing reasons, defendant City of New York respectfully requests that the Court dismiss the complaint in its entirety, together with such other and further relief as this Court may deem just and proper.

Dated:         New York, New York
               September 14, 2007

                                    Michael A. Cardozo
                                    Corporation Counsel of the
                                    City of New York
                                    Attorney for Defendants City of New York
                                    100 Church Street, Room 3-186
                                    New York, New York  10007
                                    (212) 788-8084

                              By:   _David M. Hazan_____
                                    David M. Hazan (DH-8611)
                                    Assistant Corporation Counsel
                                    Special Federal Litigation Division

TO:   Gregory Antollino, Esq. (By Mail and ECF)
      Attorney for Plaintiff
      1123 Broadway, Suite 902
      New York, New York 11241

CC:   Honorable Jed S. Rakoff (Via Hand Delivery and ECF)
      United States District Judge, SDNY
      United States District Court
      500 Pearl Street
      New York, New York 10007-1312