Docket No. 07 Civ. 4614 (JSR)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES RUTIGLIANO,

Plaintiff,

-against-

CITY OF NEW YORK, MARIA VELEZ & JOHN &
JANE DOES ## 1-4,

Defendants.

**DEFENDANT CITY OF NEW YORK'S REPLY
MEMORANDUM OF LAW IN FURTHER SUPPORT
OF ITS MOTION TO DISMISS PURSUANT TO
RULE 12(c) OF THE FEDERAL RULES OF CIVIL
PROCEDURE**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel: DAVID M. HAZAN*
*Tel: (212) 788-8084*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES……………………………………………………………………..ii

PRELIMINARY STATEMENT……………………………………………………………………1

ARGUMENT

POINT I

PLAINTIFF CANNOT DISPUTE THAT DEFENDANTS HAD PROBABLE CAUSE TO ARREST PLAINTIFF…………………..……………………………………………………………...2

POINT II

PLAINTIFF DOES NOT SATISFY THE ELEMENTS REQUIRED TO STATE A CLAIM FOR MALICIOUS PROSECUTION……………………………………………………...…………3

A.          Plaintiff Cannot Claim a Post-Arraignment Liberty Interest…………..…...…4

B.          Plaintiff Cannot Allege That Defendant Veliz Initiated His Prosecution....5

C.          Plaintiff Cannot Allege Defendant Veliz Acted With Malice…………....…...7

POINT III

PLAINTIFF FAILS TO STATE A CLAIM FOR UNREASONABLE SEARCH AND SEIZURE………………………………………………………………………………………....7

POINT IV

PLAINTIFF FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT CITY OF NEW YORK………………………………………………………...8

CONCLUSION………………………………………………………………...................10

## TABLE OF AUTHORITIES

**Cases**                                                                           **Page**

Boyd v. City of New York,
    336 F.3d 72 (2d Cir. 2003) ..............................................................................4

Bryant v. Maffucci,
    923 F.2d 979 (2d Cir. 1991)..........................................................................9

City of Canton v. Harris,
    489 U.S. 378 (1989)......................................................................................9

Frazier v. City of New York,
    96 Civ. 3345 (HB),
    1997 U.S. Dist. LEXIS 5505 (S.D.N.Y. April 23, 1997) .......................................5

Krimstock v. Kelly,
    306 F.3d 40 (2d Cir. 2002).............................................................................8

Robinson v. Via,
    821 F.2d 913 (2d Cir. 1987).........................................................................11

Rounseville v. Zahl,
    13 F.3d 625 (2d Cir. 1994)............................................................................7

Snodderly v. R.U.F.F. Drug Enforcement Task Force,
    239 F.3d 892 (7th Cir. 2001) ....................................................................... 5-6

Wallace v. Kato,
    127 S.Ct. 1091, 1095 (2007) .........................................................................4

Weyant v. Okst,
    101 F.3d 845, 852  (2d Cir. 1996)..................................................................2

White v. Frank,
    855 F.2d 956 (2d Cir. 1988) ......................................................................5, 6

**Statutes**

42 U.S.C. § 1983.............................................................................................. *passim*

Fed.  R. Civ. P. 11 ..................................................................................................2

Fed.  R. Civ. P. 12(c) ...........................................................................................1, 2

New York City Code § 14-140 ...............................................................................8

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

JAMES RUTIGLIANO,

                                        Plaintiffs,

                    -against-

                                                        **07 Civ. 4614 (JSR)**

CITY OF NEW YORK, MARIA VELEZ & JOHN &
JANE DOES ## 1-4,

                                        Defendants.

------------------------------------------------------------------------ X


## DEFENDANT CITY OF NEW YORK'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS

### PRELIMINARY STATEMENT

On September 14, 2007, defendant City of New York moved to dismiss plaintiff's Amended Complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on various grounds. In opposition, plaintiff fails to make any arguments supported by law to defeat defendant's motion. Plaintiff claims that defendant does not use the proper standard for a motion to dismiss on the pleadings because defendant construed allegations in a light favorable to defendant. However, the only evidence used in defendant's motion to dismiss was plaintiff's own allegations that he made in his complaint and in the 50-h hearing. Accordingly, the Court should grant defendant's motion to dismiss this action in its entirety, with prejudice.

## ARGUMENT

### POINT I

### PLAINTIFF CANNOT DISPUTE THAT DEFENDANTS HAD PROBABLE CAUSE TO ARREST PLAINTIFF.

As an initial matter, plaintiff erroneously continues to argue that his state law false imprisonment claims and his federal false arrest claims should be viewed separately, under two different legal standards. The Second Circuit has clearly established that "[t]he existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest,' whether that action is brought under state law or pursuant to 42 U.S.C. § 1983." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). Thus, plaintiff's argument is flawed.

In the instant case, defendant argued that based upon plaintiff's version of events there was probable cause to arrest plaintiff. Plaintiff appears to concede the legal arguments made by defendant, as he does not address any of the arguments made by defendant in his opposition papers. Instead, plaintiff claims that he is entitled to discovery before defendant can move to dismiss his claims. Defendants submit that plaintiff makes this argument in bad faith and in violation of Fed R. Civ. P. R. 11 by attempting to proceed with claims that have no chance of success under the existing Second Circuit and Supreme Court case law.

As background, defendant served plaintiff with a letter, dated July 3, 2007, pursuant to Fed R. Civ. P. Rule 11 (c)(1)(A) to allow plaintiff an opportunity to withdraw his complaint against defendant City of New York or otherwise respond to the letter. See Supp. Hazan Decl. at Exhibit "4." Plaintiff did not respond to defendant's letter. Instead, plaintiff agreed to withdraw his false arrest claims, but he later reneged on his agreement.

Plaintiff is disingenuous when he argues that he needs more discovery to determine exactly what the complaining witness who called 911 told the police when they arrived at the

scene of the underlying incident in this case.  Moreover, plaintiff omits several important facts from his argument.  Plaintiff admits that he was involved in a physical altercation with a female wherein he pushed the female away from him, wrestled with her, threw her to the ground, and held her fists, one in each hand.  See Hazan Decl. at Exhibit "3A" at 6:10-10:16.  Additionally, plaintiff admits that when he stood up he was surrounded by approximately five male bystanders who accused plaintiff of beating the female.  Id. at 10:8-10:16.  According to plaintiff, the bystanders continued to accuse plaintiff of assaulting the woman, despite plaintiff's claims of innocence.  Id. at 11:4-11:8.  Furthermore, plaintiff admits that the same bystanders who accused him of assaulting and beating the female called 911 and reported the assault to the police.  Id. at 12:14-12:20.  Although plaintiff does not know exactly what the complaining witnesses told the police when the officers arrived at the scene of the incident, plaintiff does not have a good faith basis to believe that the complaining witnesses told the police anything different than what they said to plaintiff and what they reported to 911.  To the contrary, logic would follow that the complaining witnesses told the police that plaintiff assaulted and beat the female and plaintiff has no reason to believe otherwise.  For these reasons, plaintiff does not have a good faith basis to request discovery in lieu of the Court deciding this motion.  Defendant respectfully refers the Court to the arguments contained in its moving papers which underscore why the officers had probable cause to arrest plaintiff.  For those reasons and the reasons set forth herein, plaintiff's false arrest and false imprisonment claims must be dismissed.

## POINT II

### PLAINTIFF DOES NOT SATISFY THE ELEMENTS REQUIRED TO STATE A CLAIM FOR MALICIOUS PROSECUTION.

Plaintiff's argument in support of his malicious prosecution claim erroneously contends that the time spent incarcerated prior to his arraignment is part of his malicious prosecution

damages and was caused by defendant Veliz. Plaintiff's damages from the alleged *false arrest* include incarceration from the time plaintiff was seized through his arraignment. Plaintiff's alleged *malicious prosecution* damages are only for any *post-arraignment* loss of liberty plaintiff may have suffered. See Wallace v. Kato, 127 S.Ct. 1091, 1095 (2007). Additionally, because plaintiff did not satisfy the elements required to state a claim for malicious prosecution, his claims must be dismissed for the reasons set forth below.

### A. **Plaintiff Cannot Claim a Post-Arraignment Liberty Interest.**[1]

In his opposition papers, plaintiff misrepresents the facts as he described them at his 50-h hearing. Counsel attempts to argue that plaintiff was held for ninety seconds after arraignment was complete. However, at the 50-h hearing plaintiff testified that at arraignment his case was dismissed by the judge within ninety seconds without any plea being entered on behalf of plaintiff. See Hazan Decl. at Exhibit "A 1" at 23:6-23:21. Plaintiff did not testify, as counsel states, that he was arraigned and then ninety seconds later he was released. See id. Plaintiff suffered no post-arraignment deprivation of liberty in the instant case because his case was dismissed at arraignment; therefore plaintiff's malicious prosecution claims must be dismissed.

Even assuming *arguendo* that plaintiff spent ninety seconds at his initial court date waiting for the judge to discuss the charges with plaintiff's doctor before the case was dismissed, this allegation is not enough to rise to the level of a constitutional violation. This Court has held

---

[1] Plaintiff argues that state law does not require the deprivation of a post-arraignment liberty interest in order to state a claim for malicious prosecution. However, the Second Circuit has held that for a malicious prosecution claim, the "analysis of the state and federal claims is identical." Boyd v. City of New York, 336 F.3d 72 (2d Cir. 2003). Moreover, it would not make any sense not to have the post-arraignment deprivation of liberty requirement because without a post-arraignment deprivation of liberty plaintiff cannot recover any compensatory damages.

that even when a plaintiff's criminal charges are not dismissed at arraignment, plaintiff must still allege a post-arraignment deprivation of liberty that rises to the level of a constitutional violation. See Frazier v. City of New York, 96 Civ. 3345(HB), 1997 U.S. Dist. LEXIS 5505, at *5 (S.D.N.Y. April 23, 1997) (held that where plaintiff's case was not dismissed at arraignment and plaintiff was released on his own recognizance, plaintiff has not alleged a post-arraignment deprivation of liberty.). The additional ninety seconds that plaintiff had to wait in the court room does not rise to a constitutional violation. For these reasons and the reasons stated in defendant's moving papers, plaintiff's malicious prosecution claims must be dismissed.

**B.** **Plaintiff Cannot Allege That Defendant Veliz Initiated His Prosecution.**[2]

In his opposition papers plaintiff does not address defendant's arguments that in order to be held liable for malicious prosecution, a police officer must do more than report facts and events to the public prosecutor in order to be considered to have initiated the criminal prosecution. See White v. Frank, 855 F.2d 956, 962 n.6 (2d Cir. 1988). Plaintiff must do more than merely claim the defendant officers arrested plaintiff and detained him without probable cause. Rather, he must allege that the officers committed some improper act after they arrested him without probable cause. See Snodderly v. R.U.F.F. Drug Enforcement Task Force, 239 F.3d

---

[2] Throughout plaintiff's opposition brief, in an apparent effort to create sympathy for plaintiff, he relies heavily on the assertion that it is undisputed as a matter of law that there was not probable cause to arrest plaintiff for the crime for which he was charged, possession of a controlled substance. Although not material to the legal arguments set forth by defendant in its moving papers, defendant disagrees with plaintiff's assertion. Should this case proceed through discovery, defendant will demonstrate in a summary judgment motion that there was also probable cause to arrest and prosecute plaintiff for possession of a controlled substance. The evidence will show that plaintiff was found with 16 sample boxes of a prescription drug called Lexapro. At the time of his arrest, plaintiff had no documentation that the drug was prescribed to him by a physician. Moreover, the police officers consulted a local pharmacist who advised them that the quantity of Lexapro plaintiff was carrying was more than the quantity that would be prescribed to an individual at a given time.

892, 901 (7th Cir. 2001). Plaintiff argues that defendant Veliz perjured herself in her criminal court affidavit when she stated that Lexapro was a controlled substance. Plaintiff does not dispute any of the other statements made in the criminal court affidavit by defendant Veliz.

First, defendant Veliz did not perjure herself as plaintiff alleges. The statute describing which drugs are legally considered "controlled substances" is very complicated and an officer would have to know the chemical compounds contained in Lexapro in order to begin to determine if it falls under that legal definition. Contrary to plaintiff's assertion, Lexapro is not an over-the-counter drug. Rather, Lexapro is a prescription drug which is "controlled" and regulated by the government. An individual cannot use a prescription drug without prescription from a medical doctor. Second, for the purpose of commencing a criminal prosecution, it is the prosecutor's responsibility, not the responsibility of a police officer, to determine whether possession of 16 boxes of the drug Lexapro is a crime and whether the drug is legally classified as a "controlled substance." Given that the facts relayed to the prosecutor by defendant Veliz were factually accurate, defendant Veliz cannot be held liable for malicious prosecution. Defendant Veliz in no way manufactured evidence that influenced the decision to prosecute, or actively encouraged a baseless prosecution, or provided information to prosecutors that was maliciously false. See White, 855 F.2d at 962.

Additionally, plaintiff argues that the Court must hold defendant Veliz liable because even if the prosecutor did make an independent decision to prosecute plaintiff, based upon the facts presented to him, the prosecutor is entitled to absolute immunity and plaintiff would be left with nobody to sue. Upon information and belief there is no case-law to support plaintiff's argument. A prosecutor's absolute immunity defense should not shift liability to a defendant who has done nothing unconstitutional. The fact that a prosecutor has an absolute immunity defense should not been taken into consideration when determining whether defendant Veliz

should be held liable in her individual capacity for violating the constitutional rights of plaintiff. Such a policy of holding an individual liable for acts they did not commit would be unjust and is not the purpose behind 42 U.S.C. § 1983.

For these reasons and the reasons stated in defendant's moving papers, plaintiff's malicious prosecution claims must be dismissed as a matter of law.

**C.    Plaintiff Cannot Allege Defendant Veliz Acted With Malice.**

Plaintiff argues that he sufficiently asserts in the Amended Complaint that defendant Veliz acted with malice. However, in the instant case, the existing evidence leads to an strong inference that defendant Veliz did not commence criminal proceedings against plaintiff due to a wrong or improper motive, other than to see the ends of justice served. See Rounseville v. Zahl, 13 F.3d 625, 630 (2d. Cir. 1994). It is undisputed that defendant Veliz provided the prosecutor with an accurate rendition of the facts known to her. For these reasons, plaintiff lacks a good faith basis for asserting that defendant Veliz acted with malice; thus plaintiff's malicious prosecution claims must be dismissed.

## POINT III

## PLAINTIFF FAILS TO STATE A CLAIM FOR UNREASONABLE SEARCH AND SEIZURE.

Plaintiff argues that the search of plaintiff was not a search incident to a lawful arrest because plaintiff was arrested after he was searched. However, plaintiff testified at his 50-h hearing that (1) when the police arrived at the location they first spoke with the complaining witness who had called the police; (2) second they placed plaintiff under arrest; and (3) after plaintiff was placed against a wall and frisked the police looked inside of the shoulder bag he was carrying and found sixteen sample boxes of Lexapro. See Hazan Decl. at Exhibit "3 A" at 14:11-19:9. Clearly, based upon the facts as described by plaintiff, the police had probable cause to arrest plaintiff and he was searched incident to a lawful arrest.

Plaintiff also argues that defendant seized his property and did not return it to him after his case was dismissed.  The case cited by plaintiff to support his position is distinguishable from the instant case because it is about whether the due process rights of individuals that had their cars seized and sold at auction had been violated. See Krimstock v. Kelly, 306 F.3d 40, 51-52 (2d Cir. 2002).  In the instant case plaintiff is claiming that samples of medication were not returned to him by a "John Doe" individual.  Plaintiff does not indicate whether he attempted to retrieve the Lexapro from the precinct where he was arrested or from the  NYPD Property Clerk. N.Y.C. Code § 14-140 authorizes the City's Property Clerk to take custody of, among other things, "all property... suspected of having been used as a means of committing crime or employed in aid or furtherance of crime..."  Seized property is retained by the Property Clerk of the New York City Police Department or until someone claims the seized property.  Plaintiff has not alleged that he made a formal demand to retrieve his property and to whom that demand was made.  Certainly, plaintiff does not allege that the named individual defendants in the instant case were in possession of plaintiff's property and were responsible for it not being returned after plaintiff made a proper request for it to be returned.

## POINT IV

### PLAINTIFF FAILS TO STATE A CLAIM UNDER 42 U.S.C. § 1983 AGAINST DEFENDANT CITY OF NEW YORK.

In response to defendant City of New York's motion to dismiss, plaintiff filed a Second Amended Complaint with the Court.  In his Second Amended Complaint, plaintiff claims that Defendant City of New York "failed to instruct, supervise, control, and/or discipline, on a continuing basis, Defendants in the performance of their duties to refrain from (a) arbitrarily deciding what is and is not a controlled substance; (b) failing to provide objective standards with which an officer will bring a charge that a medication in the possession of a citizen is or is not a

controlled substance." See Second Amended Complaint at ¶ 63.  However, plaintiff's ability to allege the existence of a policy or custom is not enough to survive defendant's motion to dismiss. Plaintiff must also demonstrate that there was a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation" of plaintiff.  City of Canton v. Harris, 489 U.S. 378, 385 (1989).  Therefore, a plaintiff asserting a Section 1983 violation against a municipality is required to establish that he or she was deprived of a federally guaranteed right *as a result of* an established municipal custom or policy.  Plaintiff must demonstrate that the municipality made a deliberate choice, implemented through this policy or custom that acted as "'the moving force [behind] the constitutional violation.'"  Bryant v. Maffucci, 923 F.2d 979, 986 (2d Cir. 1991), cert. denied, 502 U.S. 849 (1991) (quoting City of Canton, 489 U.S. at 389). Hence, establishing a municipal policy alone will not suffice.  Therefore, if plaintiff's federal false arrest claims and malicious prosecution claims are dismissed then plaintiff's Monell claim against defendant City of New York must also be dismissed because there would no longer be an underlying constitutional violation that occurred as a result of plaintiff's alleged municipal policy or custom.

Second,  to the extent plaintiff simply alleges that defendant City of New York failed to train its employees in properly identifying controlled substances, plaintiff's Monell claim must be dismissed.  A municipality cannot be held liable under 42 U.S.C. § 1983 for a simple shortcoming in its training.  City of Canton, 489 U.S. at 389-91.  The City can only be held liable if "the need for more or different training is so obvious, and the inadequacy so likely to result in the violation of constitutional rights, that the policymakers of the city can reasonably be said to have been deliberately indifferent to that need."  Id. at 390.  Here, plaintiff does not have a good faith basis to allege deliberate indifference on the part of the City.  Moreover, plaintiff's Second Amended Complaint appears to allege negligent training by the City of New York, not deliberate

indifference.  For these reasons and the reasons stated in defendant's moving papers, plaintiff's

Monell claim must be dismissed.

## CONCLUSION

For all of the reasons set forth in defendants' moving papers, and herein,

defendant respectfully requests that the complaint be dismissed in its entirety with prejudice,

together with such other and further relief as this Court may deem just and proper.

Dated:       New York, New York
             September 26, 2007

                          MICHAEL A. CARDOZO
                          Corporation Counsel of the
                           City of New York
                          Attorney for Defendant City of New York
                          100 Church Street, Room 3-186
                          New York, New York 10007
                          (212) 788-8084

                   By:     _David M. Hazan_____
                         David M. Hazan (DH-8611)
                         Assistant Corporation Counsel