Docket No. 07 Civ. 4614 (JSR)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES RUTIGLIANO,

                                                        Plaintiff,

-against-

CITY OF NEW YORK, MARIA VELEZ & JOHN & JANE DOES ## 1-4,

                                                      Defendants.

**DEFENDANT MARIA VELIZ'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS PURSUANT TO RULE 12(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
   *Attorney for Defendants City of New York and Maria Veliz*
   *100 Church Street*
   *New York, N.Y. 10007*

   *Of Counsel: DAVID M. HAZAN*
   *Tel: (212) 788-8084*

## TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES .................................................................................................... ii

PRELIMINARY STATEMENT ............................................................................................... 1

STATEMENT OF FACTS ....................................................................................................... 2

RULE 12(C) STANDARD FOR DISMISSAL ........................................................................ 2

ARGUMENT

    POINT I

    DEFENDANT MARIA VELIZ IS ENTITLED TO QUALIFIED IMMUNITY FOR ALL OF PLAINTIFF'S FALSE ARREST CLAIMS .......................................................................................................... 2

        A. Qualified Immunity Standard In The Context of False Arrest and Malicious Prosecution Claims. ................................ 5

        B. Defendant Maria Veliz's Conduct Did Not Violate Plaintiff's Clearly Established Statutory or Constitutional Rights As Judged Against The Backdrop of Law at The Time of The Officer's Conduct. ............................................................................. 6

CONCLUSION ......................................................................................................................... 9

# TABLE OF AUTHORITIES

**Cases** **Page**

Brosseau v. Haugen,
   543 U.S. 194 (2004).................................................................................................6

Cerrone v. Brown,
   246 F.3d 194 (2d Cir. 2001).....................................................................................6

Devenpeck v. Alford,
   543 U.S. 146 (2004).................................................................................................3

Golino v. City of New Haven,
   950 F.2d 864 (2d Cir. 1991).....................................................................................6

Harlow v. Fitzgerald,
   457 U.S. 800 (1982).................................................................................................5

Hope v. Pelzer,
   536 U.S. 730 (2002).................................................................................................7

Hunter v. Bryant,
   502 U.S. 224 (1991).................................................................................................6

Jaegly v. Couch,
   439 F.3d 149 (2d Cir. 2006).....................................................................................3

Kerman v. City of New York,
   261 F.3d 229 (2d Cir. 2001).....................................................................................7

McClellan v. Smith,
   439 F.3d 137 (2d Cir. 2006).................................................................................5, 6

Mitchell v. Forsyth,
   472 U.S. 511 (1985).............................................................................................5-6

Pembaur v. City of Cincinnati,
   475 U.S. 469 (1986)...............................................................................................16

Posr v. Court Officer Shield No. 207,
   180 F.3d 409 (2d Cir. 1999).....................................................................................6

Robinson v. Via,
   821 F.2d 913 (2d Cir. 1987).....................................................................................6

Thomas v. Roach,
    165 F.3d 137 (2d Cir. 1999)..............................................................................5

United States v. Robinson,
    414 U.S. 218 (1973).........................................................................................8

**Statutes**

42 U.S.C. § 1983................................................................................... *passim*

Fed. R. Civ. P. 12(c) ........................................................................................1, 2

New York State Penal Law § 120.16................................................................2, 4

New York State Penal Law § 120.20................................................................2, 4

New York State Penal Law § 178.00................................................................4

New York State Penal Law § 178.10................................................................4, 7

New York State Penal Law § 240.20................................................................2, 4

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JAMES RUTIGLIANO,

                                                    Plaintiff,

            -against-                                                07 Civ. 4614 (JSR)

CITY OF NEW YORK, MARIA VELEZ & JOHN &
JANE DOES ## 1-4,

                                                 Defendants.
-------------------------------------------------------------------X

## DEFENDANT MARIA VELIZ'S MEMORANDUM OF LAW IN SUPPORT OF HER MOTION TO DISMISS

### Preliminary Statement

Plaintiff brings this action pursuant to New York State Law and 42 U.S.C. § 1983, alleging that he was deprived of his civil rights by the City of New York, Police Officer Maria Veliz, and John and Jane Doe Police Officers ## 1-4. See Second Amended Compl. at ¶¶ 5-6. Specifically, plaintiff claims that the City of New York and Police Officer Veliz violated plaintiff's rights under the Constitution of the State of New York and under the Fourth and Fourteenth Amendments to the Constitution of the United States by falsely arresting him, maliciously prosecuting him, illegally searching him, and illegally seizing his property. Id. at ¶¶ 25-60. Moreover, plaintiff claims that the City of New York should be held liable because it failed to train, supervise and control its police officers. Id. at ¶¶ 61-64.

Defendant City of New York moved to dismiss the complaint, by motion dated September 14, 2007, pursuant to 12(c) of the Federal Rules of Civil Procedure on the grounds that: (1) plaintiff's false arrest claim should be dismissed because defendant police officers had probable cause to arrest plaintiff; (2) plaintiff fails to state a claim for malicious prosecution because plaintiff cannot show (a) that he suffered from a post-arraignment deprivation of liberty;

(b) that defendant Maria Veliz commenced or continued a criminal proceeding against plaintiff, and (c) that the proceeding was instituted with malice; (3) Plaintiff fails to state a claim under 42 U.S.C. § 1983 against defendant City of New York; and (4) plaintiff fails to state a claim for an unreasonable search and seizure. Defendant Maria Veliz was served with process on or about September 25, 2007, which was after defendant City's motion was almost fully briefed. Subsequently, the Court granted defendant Veliz permission to join in defendant City's Motion to Dismiss and to submit additional motion papers setting forth a qualified immunity defense.

## STATEMENT OF FACTS

See Defendant City of New York's Motion to Dismiss, dated September 14, 2007.

## RULE 12(c) STANDARD FOR DISMISSAL

See Defendant City of New York's Motion to Dismiss, dated September 14, 2007.

## ARGUMENT

### POINT I

#### DEFENDANT MARIA VELIZ IS ENTITLED TO QUALIFIED IMMUNITY FOR ALL OF PLAINTIFF'S FALSE ARREST CLAIMS.

For the reasons set forth in defendant City of New York's Motion to Dismiss, dated September 14, 2007, defendant Maria Veliz had probable cause to arrest plaintiff for several crimes, including Menacing in the Third Degree, N.Y. Penal Law § 120.16; Reckless Endangerment in the Second Degree, N.Y. Penal Law § 120.20; and Disorderly Conduct, N.Y. Penal Law (NYPL) § 240.20.

At oral argument, the Court questioned defendant City about whether probable cause to arrest plaintiff dissipated after the unidentified female informed the officers that she did not want to press charges against plaintiff. Even, assuming *arguendo*, that the unidentified female informed the officers that she did not want to press charges against plaintiff and the police officers affirmatively decided not to arrest plaintiff for the crimes against the female, there was

still probable cause to arrest plaintiff for the alleged crimes against the unidentified female. The Supreme Court has rejected the view that probable cause must be predicated upon the offense invoked by the arresting officer, or even an offense 'closely related' to the offense involved by the arresting officer. Jaegley v. Couch, 439 F.3d 149, 153 (2d Cir. 2006), citing Devenpeck v. Alford, 543 U.S. 146, 153 (2004). Moreover, the "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." Id. Importantly, there is no malice component to a false arrest claim. Therefore, even if the officers had malicious intentions when arresting plaintiff, those intentions must not be taken into consideration when determining whether there was probable cause to arrest plaintiff. Id. The Supreme Court clarified in Devenpeck that "probable cause 'depends upon the reasonable conclusion to be drawn from the facts known to the arresting officer at the time of the arrest.'" Id.

In the instant case, the Court must look at whether the facts in the possession of the defendant officer at the time plaintiff was arrested was sufficient to establish probable cause for his arrest. On March 15, 2007, defendant police officers responded to a 911 call for an assault on 14th Street, between First Avenue and Avenue A in Manhattan. The call was made by civilian witnesses who observed plaintiff James Rutigliano fighting with a female on the street. When the officers arrived at the scene of the incident the civilian witnesses reported that they had observed plaintiff assaulting a female in the street.

These facts cannot be disputed, as plaintiff himself admits to being involved in a physical altercation with a female. See Answer at Exhibit "A" at 6:10-10:16, Annexed to Hazan Declaration as Exhibit "3." Specifically, plaintiff admits that he pushed the female away from him, wrestled with her, threw her to the ground, and held her fists, one in each hand. Id. at 8:17-9:12. According to plaintiff, five male bystanders accused plaintiff of beating the female, they threatened to beat plaintiff up, they cursed at plaintiff, they surrounded plaintiff, and they called

3

the police. Id. at 10:8-10:16. When the police arrived at the location, plaintiff claims that they spoke to the complaining witness, the male who had called the police. Id. at 14:11-14:21.

Even assuming *arguendo* that the unidentified woman whom plaintiff admittedly wrestled with and threw to the ground did not want to press charges against plaintiff, the police had probable cause to arrest plaintiff for any of the crimes stated above because the bystanders who called 911 told the officers that plaintiff had assaulted a woman. The fact that the victim did not want to press charges against plaintiff did not mean that plaintiff had not committed a crime. Based on the account given by the unbiased bystanders who called 911, the responding officers had probable cause to arrest plaintiff for Menacing in the Third Degree, NYPL § 120.16; Reckless Endangerment in the Second Degree, NYPL § 120.20; and Disorderly Conduct, NYPL § 240.20.

Additionally, plaintiff admits that the officers found 16 sample boxes of a prescription drug called Lexapro, each box containing seven tablets. Moreover, plaintiff was not carrying a prescription for the medication at the time of the incident. Based upon this information, defendant Veliz also had probable cause to arrest plaintiff for Criminal Diversion of Prescription Medications and Prescriptions in the Fourth Degree. See New York Penal Law § 178.10. "Criminal diversion act" means an act or acts in which a person knowingly: "(a) transfers or delivers, in exchange for anything of pecuniary value, a prescription medication or device with knowledge or reasonable grounds to know that the recipient has no medical need for it; or (b) receives, in exchange for anything of pecuniary value, a prescription medication or device with knowledge or reasonable grounds to know that the seller or transferor is not authorized by law to sell or transfer such prescription medication or device; or (c) transfers or delivers a prescription in exchange for anything of pecuniary value; or (d) received a prescription in exchange for anything of pecuniary value." New York Penal Law § 178.00. Based upon the undisputed facts that (1) plaintiff was not in possession of a prescription for the medication that he was carrying;

4

(2) the medication plaintiff was carrying was contained in sample boxes labeled "Professional Sample- Not for Sale," rather than a prescription container from a pharmacy; and (3) plaintiff was carrying sixteen sample boxes, containing seven tablets per box; the police officers had probable cause to believe that plaintiff had either purchased the prescription medication illegally or intended to sell the prescription medication illegally. Given the quantity of medication that plaintiff was carrying, combined with the facts that it was contained in sample boxes and that plaintiff did not have a prescription for the medication, the officers had reason to believe that plaintiff purchased the medication without a prescription or intended to sell the medication to an individual or individuals without authorization.

For these reasons and the reasons stated in defendant City of New York's Motion to Dismiss, dated September 14, 2007, there was probable cause to arrest plaintiff for several crimes. Additionally, for the reasons set forth below, all claims must be dismissed against defendant Veliz because she is entitled to qualified immunity.

### A. Qualified Immunity Standard In The Context of False Arrest and Malicious Prosecution Claims.

Even assuming *arguendo* that probable cause to arrest plaintiff was lacking, defendant Maria Veliz is entitled to qualified immunity for plaintiff's false arrest and malicious prosecution claims. The doctrine of qualified immunity shields government officials from civil liability if their "conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have know. Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982). As the Second Circuit has noted, "[t]his doctrine is said to be justified in part by the risk that the 'fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties.'" McClellan v. Smith, 439 F.3d 137, 147 (2d Cir. 2006)( quoting Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999). Thus, qualified immunity is not merely a defense, but rather is also "an entitlement not to stand trial or face other burdens of litigation." Mitchell v.

5

Forsyth, 472 U.S. 511, 526 (1985). Accordingly, the availability of qualified immunity should be decided by a court "at the earliest possible stage in litigation." Hunter v. Bryant, 502 U.S. 224, 227 (1991).

When analyzing qualified immunity in the context of a suit for damages based on an arrest without probable cause a police officer is immune from such suit "if either (a) it was objectively reasonable for the police officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met.'" Posr v. Court Officer Shield No. 207, 180 F.3d 409, 416 (2d Cir. 1999) (quoting Golino v. City of New Haven, 950 F.2d 864, 870 (2d Cir. 1991)). The Second Circuit has defined this standard, which is often referred to as "arguable probable cause," as follows:

> "Arguable probable cause exists when a reasonable police officer in the same circumstances and possessing the same knowledge as the officer in question could have reasonably believed that probable cause existed in the light of well established law. It is inevitable that law enforcement officials will in some cases reasonably but mistakenly conclude that probable cause is present, and we have indicated that in such cases those officials- like other officials who act in ways they reasonably believe to be lawful- should not be held personally liable."

Cerrone v. Brown, 246 F.3d 194, 203 (2d Cir. 2001) (quotations and citations omitted). Moreover, under that standard, "an 'arresting officer is entitled to qualified immunity as a matter of law if the *undisputed facts* and all permissible inferences favorable to the plaintiff show...that officers of reasonable competence could disagree on whether the probable cause test was met.'" McClellan v. Smith, 439 F.3d 137, 147-48 (2d Cir. 2006) (quoting Robinson v. Via, 821 F.2d 913, 921 (2d Cir. 1987)).

### B. Defendant Maria Veliz's Conduct Did Not Violate Plaintiff's Clearly Established Statutory or Constitutional Rights As Judged Against The Backdrop of Law At the Time of The Officer's Conduct.

In the instant case, at the time of the alleged incident, there was legal authority to support the police officers actions. Police Officers are not required to anticipate future refinements or other evolution in the law. See Brosseau v. Haugen, 543 U.S. 194, 198 (2004) (noting that

6

reasonableness is judged against the backdrop of law at the time of officer's conduct; Hope v. Pelzer, 536 U.S. 730, 740 (2002) ("Qualified immunity operates to ensure that before they are subjected to suit, officers are on notice that their conduct is unlawful.") (Kerman v. City of New York, 261 F.3d 229, 237 (2d Cir. 2001). Thus, when deciding whether the police officer's actions were reasonable, the Court must look at the law that was clearly established on the date of plaintiff's arrest. If the law at that time was not clearly established, an official could not reasonably be expected to anticipate subsequent legal developments, nor could he fairly be said to "know" that the law forbade conduct not previously identified as unlawful. For the reasons stated in defendant City of New York's Motion to Dismiss, Dated September 14, 2007 and in Point I, *supra*, a reasonable police officer could believe that there was probable cause to arrest plaintiff based upon the information provided to the officer by the complaining witnesses.

In the instant case, by plaintiff's own account of the incident, the complaining witnesses were outraged by plaintiff's conduct and accused plaintiff of attacking an innocent female victim. The officers had no reason to disbelieve the unbiased complaining witnesses. Moreover, defendants are unaware of any Second Circuit or Supreme Court case which stands for the proposition that when a crime victim tells police she does not want to press charges, there is no longer probable cause to arrest the perpetrator. To the contrary, a reasonable police officer could believe that even though the victim did not want to press charges, based on the evidence presented by the complaining witnesses, plaintiff committed a crime. For these reasons, officer Veliz is entitled to qualified immunity for plaintiff's false arrest and false imprisonment claims.

Additionally, in the instant case, it was objectively reasonable for a police officer to believe that there was probable cause to arrest plaintiff for criminal diversion of prescription medications and prescriptions in the fourth degree. New York Penal Law § 178.10. For the reasons stated above in Point I, *supra* and based upon the quantity of medication plaintiff had on his person, the fact that plaintiff was not carrying a prescription for the medication, and the fact

7

that the medication was in sample boxes, rather than a prescription container; an objectively reasonable police officer could believe that plaintiff had either illegally purchased the medication or intended to illegally sell the medication. For these reasons and the reasons stated above, an objectively reasonable police officer would have probable cause to arrest plaintiff for criminal diversion of prescription medications and prescriptions in the fourth degree. Thus, defendant Veliz is entitled to qualified immunity for plaintiff's false arrest claims.

Assuming the Court grants defendant Veliz qualified immunity for plaintiff's false arrest claims, the Court must also dismiss plaintiff's illegal search claims because the search was incident to a lawful arrest. United States v. Robinson, 414 U.S. 218, 234-37 (1973).

Finally, defendant Veliz is entitled to qualified immunity for plaintiff's malicious prosecution claims. As argued in defendant City of New York's motion to dismiss, dated September 14, 2007, defendant Veliz cannot be held liable for malicious prosecution because she accurately relayed the facts of the case to the prosecutor. An objectively reasonable officer could believe that a trained prosecutor should be able to take the facts provided by the police officer and determine whether there is enough evidence to prosecute plaintiff for a particular crime. A objectively reasonable police officer should be able to rely on a trained prosecutor to make a decision to decline to prosecute a case if there is insufficient evidence to pursue a criminal prosecution. In the instant case, defendant Veliz is entitled to qualified immunity for plaintiff's malicious prosecution claim because she simply advised the prosecutor of the facts of this case.

For these reasons and the reasons stated in defendant City of New York's Motion to Dismiss, plaintiff's claims must be dismissed against defendant Veliz, with prejudice.

-

## CONCLUSION

For the foregoing reasons, defendant Maria Veliz respectfully requests that the Court dismiss the complaint in its entirety, together with such other and further relief as this Court may deem just and proper.

Dated:	New York, New York
	October 17, 2007

>	Michael A. Cardozo
>	Corporation Counsel of the
>	City of New York
>	Attorney for Defendants City of New York and
>	Maria Veliz
>	100 Church Street, Room 3-186
>	New York, New York  10007
>	(212) 788-8084
>
>	By:	*/s/ David M. Hazan*
>		David M. Hazan (DH-8611)
>		Assistant Corporation Counsel
>		Special Federal Litigation Division

9

TO: Gregory Antollino, Esq. (By Mail and ECF)
Attorney for Plaintiff
1123 Broadway, Suite 902
New York, New York 11241

CC: Honorable Jed S. Rakoff (Via Hand Delivery and ECF)
United States District Judge, SDNY
United States District Court
500 Pearl Street
New York, New York 10007-1312