UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JAMES RUTIGLIANO

    Plaintiff,

CITY OF NEW YORK, MARIA VELEZ
& JOHN & JANE DOES ## 1-4,

    Defendants.

------------------------------------------------------------X

SUPPLEMENTAL MEMORANDUM IN OPPOSITION TO MOTION TO DISMISS

**07cv 4614 (JSR)**

### FACTS

The facts that must be accepted as true are set forth in the Second Amended complaint, which have already been proffered in the opening memorandum in opposition.

### ARGUMENT

I.    <u>The Facts as Pled Must Be Accepted as True on a Motion to Dismiss</u>.

It was unfortunate that I mistakenly violated the Court's rules in order to understand the Court's position on <u>Conley v. Gibson</u>, 355 U. S. 41 (1957). I apologize for this, nevertheless the Court's letter response undoubtedly served the salutary purpose of furthering the legal discussion. I made the mistake of accepting the Court's statement that <u>Conley</u> had been overruled perhaps a bit too literally, and merely looked to the last case that cited it, <u>Erickson v. Pardus</u>, 127 S. Ct. 2197, 2200 ((2007), rather than delve a bit further. Undoubtedly a few weeks earlier, <u>Bell Atlantic Corporation v. Twombly</u>, 127 S. Ct. 1955, 1965 (2007), had overruled Conley's language that a complaint must not be dismissed unless "no set of facts" would state a claim for relief – to the extent, that is, that some Circuits applied that language literally. I certainly overspoke in my letter to the Court that <u>Gibson</u> had been "reaffirmed" by <u>Erickson</u>, but nevertheless, <u>Erickson</u> did stand for the proposition, in summarily reversing the 10th Circuit, that

1

a court has no business second guessing the allegations in the complaint. Bell Atlantic, in my opinion -- though the Court might disagree -- does not overrule every aspect of Conley, but merely limits the literal "no set of facts" language of that decision so as to forbid a Court from imagining a situation where the plaintiff could obtain relief if the imagined facts are true. Bell Atlantic held that "no set of facts" is a

> phrase is best forgotten as an incomplete, negative gloss on an **accepted pleading standard**: once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint. Conley, then, described the breadth of opportunity to prove what an adequate complaint claims, not the minimum standard of adequate pleading to govern a complaint's survival.

Id. at 1969. (citing with primary approval Sanjuan v. American Bd. of Psychiatry and Neurology, Inc., 40 F. 3d 247, 251 (7th Cir.1994) (once a claim for relief has been stated, a plaintiff "receives the benefit of imagination, so long as the hypotheses are consistent with the complaint") (other citations omitted) (emphasis added)

So this plaintiff is still entitled to that benefit from what remains of Conley; whether it was overruled or merely clarified, limited, or explained by Bell Atlantic is a matter of opinion that is beside the point. The plaintiff is still entitled to have accepted as true those allegations that are pled in the complaint, and is not held to the higher standard applicable after discovery has been completed. See Iqbal v.Hasty, 490 F.3d 143, 157-58 (2d Cir. 2007) "the [Supreme] Court is not requiring [in Twombly] a universal standard of heightened fact pleading, but is instead requiring a flexible `plausibility standard,' which obliges a pleader to amplify a claim with some factual allegations **in those contexts where such amplification is needed to render the claim plausible**." (emphasis added).

2

    II.    <u>Illegal Seizure and False Arrest</u>.

First, we must dispense as a matter of with the creative but impossible idea that defendant had any probable cause to arrest plaintiff for "Criminal Diversion of Prescription Medications." For there to be probable cause to arrest for said crime, there must be probable cause for every essential element of the crime -- not only proof of mere possession of a prescription medication, which in itself is entirely consistent with innocence. In this case, plaintiff was found to be in possession of a total of 112 tablets of Lexapro, which for plaintiff is just shy of a two-month supply. It is perfectly legal to carry a two-month supply of a prescribed medication, and nothing in the statute prohibits that. Additionally, nothing in the statute requires a recipient of medication to carry a written prescription – which one gives to the pharmacist in exchange for the medication in any event -- or even a label on the prescription received from a pharmacy. Indeed, some prescriptions are contained in containers within larger containers, and thus it is completely consistent with innocence to throw away the box, and carry a medication without written proof of that the medication had been prescribed. Nurses put medications for the elderly in special pill boxes to remind them when and how much to take; is one in possession with those common devices automatically subject to an arrest – privileged from the officer's perspective -- as a matter of law? That is what defendant is saying.

Furthermore, the drug companies legally give doctors sample prescriptions -- which doctors have nothing to do with but give away generously -- and thus it is completely consistent with innocence to carry around a two-month supply of samples of medication, as did this plaintiff. The only important, prohibited element under the statute is the improper sale or transfer of said medication – which, as it happens, not even a legal prescription would allow. This

3

defendant, by suggesting that plaintiff had no written proof of a prescription in his possession essentially assumes an additional element to the crime, while doing away with the most important one – proof of transfer or sale. There is no evidence that the defendant had probable cause to believe that this plaintiff intended to sell or to illegally transfer his Lexapro, therefore there was no probable cause to arrest him for that crime.

All this being said, plaintiff has decided to withdraw the false arrest and illegal search as pled under federal law. The case at its heart has always been about grossly improperly charging of plaintiff with possession of a controlled substance. Plaintiff concedes nothing, but has decided to abandon these smaller battles in light of the central issue in the case.

III.    Unlawful Imprisonment and Malicious Prosecution.

Even assuming arguendo that based on the allegations of assault defendants had probable cause to arrest and thus search plaintiff, there was no probable cause for the detention and filing of criminal charges that followed; if the prosecutor had been a potential target for this lawsuit, plaintiff might have impled him, however, the defendant cannot bootstrap qualified immunity based on the prosecutor's absolute immunity. It never has been unsettled law as to whether falsely charging a citizen with a crime that he has not committed is improper; and the defendant has not even suggested that reasonable officers would disagree as to whether an officer should swear under penalty and perjury that, based on the officer's experience and training, a crime has occurred when, objectively, it has not. And while the existence of probable cause for an uncharged crime might, in the heat of a street encounter, excuse the lack of probable cause for the crime that the officer believed the *arrest* to be for, that does not carry forward into the

4

deliberative environment of the stationhouse and the decision to charge.[1] There is not a single case that holds that the existence of probable cause on one crime excuses the charging and prosecution of another for which there is no probable cause. This is for good reason, considering the exigencies of the arrest versus the more contemplative decision to charge, and is why plaintiff is withdrawing the arrest and search claims. This Court should not be the first to excuse a decision to charge and prosecute based on the existence of an uncharged crime which a competent officer, who has access to the statute books, and can easily confirm whether a medication is or is not a controlled substance.

Defendant has the burden of establishing entitlement to this defense; plaintiff need not disprove it at the outset. Defendant has done nothing to prove that Veliz acted reasonably, merely to rely on its opening papers, to which plaintiff has already responded. As such, the motion to dismiss must be deemed moot in part, and otherwise denied on the merits for the unlawful imprisonment and malicious prosecution claims flowing from the post-arrest decision to further detain plaintiff for a crime that there is no argument he did not commit, and for which there was no probable cause.

---

[1] As just an aside, it is not entirely insignificant that the complaining witness did not want to press charges in light of the decision not to charge the plaintiff with reckless endangerment, menacing or disorderly conduct. PL 120.16, 120.20, and 240.40. Such crimes are misdemeanors and thus must be supported by a non-hearsay sworn signed statement, CPL § 100.20, the lack of which is fatal to a misdemeanor prosecution. See People v. Alejandro, 70 N.Y.2d 133 (1987). An alleged complainant who would not press charges would also not come to court, and would not sign a written statement under penalty of perjury. No grand jury would be empanelled for a misdemeanor complaint and thus as a practical matter the complainant could not be forced to testify if she would not press charges. Therefore it is far from certain that a complainant's unwillingness to press charges has no bearing on the decision to charge, even assuming arguendo it has no bearing at the arrest stage.

## CONCLUSION

For these reasons the motion should be denied, either as moot, or on the merits.

Dated: New York, New York
       October 29, 2007

>                             Yours, etc.,
>
>                             _____/s/_____
>                             GREGORY ANTOLLINO
>                             GA 5950
>                             Attorney for Plaintiff
>                             1123 Broadway, Suite 902
>                             New York, NY 10010
>                             (212) 334-7397

6