Docket No. 07 Civ. 4614 (JSR)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JAMES RUTIGLIANO,

Plaintiff,

-against-

CITY OF NEW YORK, MARIA VELEZ & JOHN &
JANE DOES ## 1-4,

Defendants.

---

## DEFENDANT  MARIA VELIZ'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(c) OF THE FEDERAL RULES OF CIVIL PROCEDURE

---

***MICHAEL A. CARDOZO***
*Corporation Counsel of the City of New York*
*Attorney for Defendant City of New York*
*100 Church Street*
*New York, N.Y. 10007*

*Of Counsel:  DAVID M. HAZAN*
*Tel:  (212) 788-8084*

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES…………………………………………………………..ii

PRELIMINARY STATEMENT…………………………………………………………1

ARGUMENT

POINT I

ALL OF PLAINTIFF'S FALSE ARREST AND UNLAWFUL IMPRISONMENT CLAIMS MUST BE DISMISSED BECAUSE PLAINTIFF CANNOT DISPUTE THAT DEFENDANT HAD PROBABLE CAUSE TO ARREST PLAINTIFF……………………………..…………...2

POINT II

DEFENDANT VELIZ IS ENTITLED TO QUALIFIED IMMUNITY FOR PLAINTIFF'S MALICIOUS PROSECUTION CLAIMS……………………………………...……………4

CONCLUSION……………………………..………………………………...............................5

# TABLE OF AUTHORITIES

**Cases**                                                                                                      **Page**

Devenpeck v. Alford,
    543 U.S. 146 (2004)…………………………………………………………......4

Husbands v. City of New York,
    05 Civ. 9252 (NRB),
    2007 U.S. Dist. LEXIS 61042 (S.D.N.Y. Aug. 16 2007)........................................................2

Jaegly v. Couch,
    439 F.3d 149 (2d Cir. 2006) ........................................................................................................4

Posr v. Doherty,
    944 F.2d 91 (2d Cir. 1991)………………………...…………………………………2

Rohman v. New York City Transit Auth.,
    215 F.3d 208 (2d Cir. 2000)…………………………………………………………......5

Singer v. Fulton County Sheriff,
    63 F.3d 110 (2d Cir. 1995) ..........................................................................................................2

Wallace v. Kato,
    127 S.Ct. 1091, 1095 (2007) ......................................................................................................3

Weyant v. Okst,
    101 F.3d 845, 852  (2d Cir. 1996)………………………………………………………2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X

JAMES RUTIGLIANO,

                                            Plaintiffs,

             -against-
                                                              07 Civ. 4614 (JSR)
CITY OF NEW YORK, MARIA VELEZ & JOHN &
JANE DOES ## 1-4,

                                            Defendants.

------------------------------------------------------------------- X


## DEFENDANT MARIA VELIZ'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF ITS MOTION TO DISMISS

### PRELIMINARY STATEMENT

On October 17, 2007, defendant Maria Veliz joined defendant City of New York's fully briefed motion to dismiss plaintiff's Second Amended Complaint and further moved to dismiss plaintiff's Second Amended Complaint pursuant to Rule 12(c) of the Federal Rules of Civil Procedure on the grounds that she is entitled to qualified immunity. In opposition, plaintiff withdrew his false arrest and illegal search claims as pled under federal law. See Pl. Opp. at 4. Plaintiff claims that although there may have been probable cause to arrest him based upon allegations of assault, there was no probable cause for the detention and filing of criminal charges. Plaintiff erroneously continues to argue that his state law false imprisonment claims and his federal false arrest claims should be viewed separately, under two different legal standards. Additionally, plaintiff fails to properly differentiate between his malicious prosecution claim and his unlawful imprisonment claim. Accordingly, for the reasons set forth in defendants' previous motion papers and the reason set forth herein, the Court should grant defendants' motion to dismiss this action in its entirety, with prejudice.

## ARGUMENT

## POINT I

## ALL OF PLAINTIFF'S FALSE ARREST AND UNLAWFUL IMPRISONMENT CLAIMS MUST BE DISMISSED BECAUSE PLAINTIFF CANNOT DISPUTE THAT DEFENDANT HAD PROBABLE CAUSE TO ARREST PLAINTIFF.

In plaintiff's opposition to defendant Veliz's Motion to Dismiss, plaintiff withdraws his false arrest and illegal search claims, but not his state law unlawful imprisonment claim. As an initial matter, plaintiff erroneously continues to argue that his state law unlawful imprisonment claims and his federal false arrest claims should be viewed separately, under two different legal standards. The Second Circuit has clearly established that "[t]he existence of probable cause to arrest constitutes justification and 'is a complete defense to an action for false arrest,' whether that action is brought under state law or pursuant to 42 U.S.C. § 1983." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). Moreover, a claim of false arrest is the same as a claim of unlawful imprisonment. See Posr v. Doherty, 944 F.2d 91, 96 (2d Cir. 1991); see also Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995). If the court finds that probable cause existed to arrest plaintiff, then his common law false arrest and unlawful imprisonment claims must also fail. Husbands v. City of New York, 05 Civ. 9252 (NRB), 2007 U.S. Dist. LEXIS 61042, at * 21. (S.D.N.Y. Aug. 16, 2007). In the instant case, plaintiff withdraws his federal false arrest claims and cannot rebut defendants' argument that there was probable cause to arrest plaintiff for the crimes related to the alleged assault of the unidentified female. Similarly, because there was probable cause to arrest plaintiff for some crime, plaintiff's state law unlawful imprisonment claim must also be dismissed.

Additionally, plaintiff confuses when a false imprisonment claim ends and when a malicious prosecution claim begins. Reflective of the fact that false imprisonment consists of

2

*detention without legal process*, the Supreme Court recently held that "a false imprisonment ends once the victim becomes held pursuant to such process -- when, for example, he is bound over by a magistrate or arraigned on charges." Wallace v. Kato, 127 S. Ct. 1091, 1096 (2007). "Thereafter, unlawful detention forms part of the damages for the "entirely distinct" tort of malicious prosecution, which remedies detention accompanied, not by absence of legal process, but by wrongful institution of legal process. Id. "If there is a false arrest claim, damages for that claim cover the time of the detention up until issuance of process or arraignment, but not more." Id. "From that point on, any damages recoverable must be based on a malicious prosecution claim and on the wrongful use of judicial process rather than detention itself." Id. (citations omitted). Here, plaintiff's malicious prosecution claim would begin after arraignment and his false arrest/ unlawful imprisonment claims would end at arraignment.

In the instant case, defendants argued that Maria Veliz had probable cause to arrest plaintiff for several crimes, including Menacing in the Third Degree, N.Y. Penal Law § 120.16; Reckless Endangerment in the Second Degree, N.Y. Penal Law § 120.20; and Disorderly Conduct, N.Y. Penal Law § 240.20.[1] See Defendant City of New York's Motion to Dismiss, dated September 14, 2007. Additionally, defendant Veliz argued that even, assuming *arguendo*, that (1) the unidentified female victim informed the officers that she did not want to press charges against plaintiff; and (2) the police officers affirmatively decided not to arrest plaintiff for the crimes against the female; there was still probable cause to arrest plaintiff for the alleged crimes against the unidentified female regardless of which crimes the officers subjectively intended to arrest plaintiff. See Jaegly v. Couch, 439 F.3d 149, 153 (2d Cir. 2006); Devenpeck

---

[1] Additionally, defendant Veliz refers the Court to its motion papers, dated October 17, 2007, for reasons why defendant Veliz also had probable cause to arrest plaintiff for Criminal Diversion of Prescription Medications and Prescriptions in the Fourth Degree. See Veliz Mem. of Law at 4.

v. Alford, 543 U.S. 146, 153 (2004). The unidentified female's opinion about whether or not she wanted to "press charges" against plaintiff has no impact on the probable cause analysis regarding whether the police officers had reason to believe a crime was committed by plaintiff. Here, complaints were made to the police by civilian witnesses who reported that plaintiff was assaulting a female in the street. Moreover, plaintiff admits that he was involved in an altercation with a female in the street. Based on the account given by the unbiased bystanders who called 911, the responding officers had probable cause to arrest plaintiff. Plaintiff can not point to any facts in his complaint that dissipated the probable cause. Once the police officers had probable cause to arrest plaintiff, any confinement of plaintiff until plaintiff was arraigned was lawful.

## POINT II

### DEFENDANT VELIZ IS ENTITLED TO QUALIFIED IMMUNITY FOR PLAINTIFF'S MALICIOUS PROSECUTION CLAIMS.

In his opposition to defendant Veliz's Motion To Dismiss, plaintiff states that he wants to focus on the claims that involve improperly charging plaintiff with possession of a controlled substance. The only claim in plaintiff's complaint that relates to improperly charging plaintiff with possession of a controlled substance is plaintiff's malicious prosecution claim. For the reasons set forth in defendants' motion papers that were previously filed with the Court, plaintiff does not state a claim for malicious prosecution. Moreover, defendant Veliz is entitled to qualified immunity for plaintiff's malicious prosecution claim. Importantly, defendant Veliz cannot be held liable for malicious prosecution because she accurately relayed the facts of the case to the prosecutor. As argued in defendant's previously submitted motion papers, it is well settled that in order for an individual to 'initiate' a prosecution for the purposes of a malicious prosecution claim, the mere reporting of a crime and giving testimony are insufficient; it must be

shown that defendant played an active role in the prosecution, such as giving advice and encouragement or importuning the authorities to act. See Rohman v. New York City Transit Auth., 215 F.3d 208, 217 (2d Cir. 2000). Here, there are no allegations in plaintiff's complaint that defendant Veliz gave any advice or encouragement to the prosecutor. In fact, based upon plaintiff's complaint, there is no reason to believe that the prosecutor did not make an independent decision, based on the evidence presented to him, about whether or not to prosecute plaintiff. Moreover, an objectively reasonable officer should be able top rely on a trained prosecutor to make a decision to decline to prosecute a case if there is insufficient evidence to pursue a criminal prosecution. In the instant case, defendant Veliz is entitled to qualified immunity for plaintiff's malicious prosecution claim because she simply advised the prosecutor of the facts of this case.

For these reasons and the reasons stated in defendant City of New York's Motion to Dismiss, plaintiff's claims must be dismissed against defendant Veliz, with prejudice.

## CONCLUSION

For all of the reasons set forth in defendants' moving papers, and herein, defendant respectfully requests that the complaint be dismissed in its entirety with prejudice, together with such other and further relief as this Court may deem just and proper.

Dated:  New York, New York
        November 5, 2007

                          MICHAEL A. CARDOZO
                          Corporation Counsel of the
                            City of New York
                          Attorney for Defendant City of New York
                          100 Church Street, Room 3-186
                          New York, New York 10007
                          (212) 788-8084

                    By:   _Dowel M. Hay_____
                          David M. Hazan (DH-8611)
                          Assistant Corporation Counsel